**Richard K. JACKSON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 199, 1994.

Supreme Court of Delaware.

Submitted: Jan. 5, 1995.
Decided: March 1, 1995.

Richard K. Jackson, pro se.

John A. Parkins, Jr. and Jeffrey L. Moyer, Richards, Layton & Finger, Wilmington, court-appointed amicus curiae.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for appellee.

Before VEASEY, Chief Justice, WALSH, HOLLAND, HARTNETT, and BERGER, Justices, constituting the Court En Banc.

WALSH, Justice:

In this appeal from the Superior Court, we are required to determine when the three year period for the filing of a motion for postconviction relief under Superior Court Criminal Rule 61 begins to run. The Superior Court determined that the appellant, Richard K. Jackson's, ("Jackson") motion was untimely because it was filed more than three years after his sentencing, but within three years from the date his conviction had been affirmed on appeal. Although there has been some inconsistency in previous rulings of this Court which have inferentially addressed the issue, we now hold that the better reasoned approach supports resolving the ambiguity in favor of the extended period. Accordingly, we reverse the decision of the Superior Court and hold that if a defendant takes a direct appeal of his conviction, the three year period under

Rule 61(i)(1) begins to run upon completion of that review.

## I

The chronology underlying Jackson's postconviction efforts is not in dispute. In March, 1990, Jackson was tried before a Superior Court jury on two counts of first degree unlawful sexual intercourse, related deadly weapons offenses, first degree unlawful imprisonment and third degree assault. He was convicted of all charges, and, on July 6, 1990, sentenced to a long period of imprisonment. Jackson filed a timely appeal, but this Court affirmed his convictions. *Jackson v. State*, Del.Supr., 600 A.2d 21 (1991). The mandate from this Court terminating the direct appeal was issued on November 7, 1991.

Thereafter, Jackson filed a motion for postconviction relief under Super.Ct.Cr.R. 61, alleging ineffective assistance of counsel. The Superior Court denied relief and that decision was affirmed on appeal. *Jackson v. State*, Del.Supr., No. 167, 1992, 1992 WL 151318, Holland, J. (June 15, 1992) (ORDER). Jackson next sought federal habeas corpus relief, without success. *Jackson v. Snyder*, D.Del., C.A. No. 92–192–LON, Longobardi, D.J. (July 29, 1993) (ORDER). On March 17, 1994, Jackson filed a second motion for postconviction relief, the subject of this appeal. In addition to renewing his claim of ineffective assistance of counsel, Jackson alleged a Fourth Amendment violation. The Superior Court denied Jackson's motion on procedural grounds. It ruled that because Jackson's conviction became final on July 6, 1990, the date of sentencing, his filing was beyond the three year period imposed by Rule 61(i)(1).[1] This appeal followed.

Jackson appears *pro se* in this Court and has sought to argue the merits of his postconviction claims. The State contends that this Court should not address Jackson's underlying claim because the Superior Court dismissed the postconviction petition on procedural grounds. Although the State notes that there is some inconsistency in certain rulings of this Court on the procedural question, it contends that the better definition of finality is one that dates the three year period from the time of conviction, *i.e.*, sentencing. Because of the decisional disparity, and in view of the importance of the question, the Court appointed John A. Parkins, Jr., Esquire as *amicus curiae* to file a brief in opposition to the State's position. The Court is grateful to Mr. Parkins and Jeffrey L. Moyer, Esquire, who assisted him in presenting a thorough and scholarly brief. Their efforts, *pro bono publico*, are in the finest tradition of the Delaware Bar.

## II

With certain exceptions not here pertinent, Superior Court Criminal Rule 61(i)(1) prevents a convicted defendant from filing a motion for postconviction relief "more than three years after the judgment of conviction is final." While statutory postconviction remedies have existed for many years, principally under former Superior Court Rule 35, Delaware has only recently introduced a time limitation of such efforts. With the promulgation of a new and expansive Rule 61 in 1987, a specific time restriction was imposed. The *amicus* argues that there is an element of ambiguity in the language of the Rule which fixes the beginning of the three year period at when "the judgment of conviction is final." That ambiguity may be resolved, he contends, by recognizing as final only those convictions which, in the event of a direct appeal, have exhausted the appellate process. To the contrary, the State finds no ambiguity in the Rule and urges that the date which triggers finality should have some meaning for postconviction purposes as for appeal purposes—the date of sentencing.

There is no dispute that, for direct appeal purposes, a criminal conviction be-

---

1. Rule 61 provides in pertinent part:
   **(i) Bars to Relief.**
      **(1) Time Limitation.** A motion for postconviction relief may not be filed more than three years after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

comes final at the time of sentencing, which is considered "the order appealed from." 10 Del.C. § 9904; *see also Eller v. State*, Del. Supr., 531 A.2d 948, 949 (1987); *Slawik v. Folsom*, Del.Supr., 410 A.2d 512, 515 (1979) (holding that "the word 'convicted' is to be construed as meaning 'judgment of conviction' consisting of a determination of guilt by plea or verdict followed by the imposition of sentence"). Postconviction relief, however, differs significantly from relief sought through direct appeal. "Postconviction relief is a collateral remedy which provides an avenue for upsetting judgments that otherwise have become final. It is not designed as a substitute for direct appeal." *Flamer v. State*, Del.Supr., 585 A.2d 736, 745 (1990). *See also* Donald E. Wilkes, Jr., *Federal and State Postconviction Remedies and Relief* § 1–5 (1992) ("Generally speaking postconviction remedies are unavailable until direct remedy proceedings have been completed or the time for applying for direct relief has expired."). Thus, before a defendant can initiate postconviction relief, he must have exhausted the direct appeal process, if the latter remains available. A corollary of this principle, consistently applied by this Court, is that a defendant may not assert collateral claims, such as ineffective assistance of counsel, in a direct appeal but must await the finality of an affirmed conviction. *See Flamer v. State*, Del.Supr., 585 A.2d 736, 753 (1990); *Duross v. State*, Del.Supr., 494 A.2d 1265, 1268 (1985).

■ In our view, there is an ambiguity in the language of Rule 61(i)(1) to the extent that "finality" may have different meanings depending on whether sentencing resulted from a guilty plea, in which event the defendant is foreclosed from any appeal of the underlying conviction.[2] A defendant sentenced after a finding of guilt is free to appeal from any error affecting the merits of the conviction. Where ambiguity exists, a rule, like a statute, must be interpreted to avoid mischievous or absurd results. *Spielberg v. State*, Del.Supr., 558 A.2d 291, 293 (1989) (citing cases). The limitations period in Rule 61(i)(1) must be read to begin at the conclusion of direct review if an unworkable result is to be avoided. The obvious absurd result which follows upon the State's restrictive reading of the Rule is that an excessively long direct appeal could severely limit a defendant's ability to mount a collateral attack through postconviction proceedings. Although we agree with the State that, in the overwhelming majority of cases, direct review is completed within the three year period, the Court notes that prolonged direct review is more often associated with capital cases. Thus, if the problem exists, it carries the potential of significant prejudice in the most serious cases.[3]

■ The State argues that because the rule in question is a Superior Court rule, the interpretation of Rule 61 should be left to those who are in the best position to interpret the rule. Such an argument overlooks the general supervisory authority of this Court over the rule-making power of the trial courts. Del. Const. art. IV., § 13(1). Moreover, as a Court of last resort, this Court's interpretation of the applicability of rules of court, as well as statutes, must control. In any event, this Court sitting *en banc* has an obligation to dispel uncertainties caused by inconsistent panel decisions.

■ Finally, we note that our ruling fixing the time period under Rule 61(i)(1) applies only to defendants who seek direct review following sentencing. A defendant who does not take a direct appeal within thirty days of the time of sentencing is subject to a "finality" date which begins when the time for direct appeal has expired. *Tatem v. State*, Del.Supr., No. 26, 1992, 1992

2. Although a defendant who pleads guilty may thereafter appeal from the sentence imposed, the scope of review is extremely narrow and does not affect the underlying conviction. *Cf. Jones v. Anderson*, Supr., 54 Del. 587, 183 A.2d 177, 178 (1962).

3. The Court notes that in *Dawson v. State*, Del.Supr., 581 A.2d 1078 (1990), which involved an appeal to the U.S. Supreme Court following this Court's affirmance of the conviction and sentencing, *Dawson v. Delaware*, 503 U.S. 159, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992), the final order in the chain of direct review was not entered until April, 1992, three years and eight months after sentencing. The U.S. Supreme Court decision required further proceedings and an additional direct appeal which was not completed until February, 1994. *Dawson v. State*, Del.Supr., 637 A.2d 57 (1994).

WL 53436, Holland, J. (March 5, 1992) (ORDER). For such defendants the three year period under Rule 61(i)(1) begins thirty days after sentencing. For all defendants who seek direct review, the period begins to run when the direct appeal process is complete, which for this Court, is the date of the issuance of the mandate under Supreme Court Rule 19. In the event the Supreme Court of the United States grants certiorari to a defendant from a decision of this Court, the three year period under Rule 61(i)(1) will begin upon the issuance of that Court's mandate.

In view of our holding that, as to Jackson, the three year period under Rule 61(i)(1) begins to run from the completion of direct review, it is unnecessary to address the amicus' alternative argument that Jackson should be permitted to rely upon decisions of this Court supporting the longer period and that an adverse reading of the Rule should have prospective application only.

The judgment of the Superior Court is REVERSED and the matter REMANDED to the Superior Court with direction to consider the merits of the appellant's postconviction relief, if no other procedural bars under Rule 61 preclude such consideration.