Dwayne STAATS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 211, 2008.

Supreme Court of Delaware.

Submitted: Oct. 8, 2008.
Decided: Oct. 17, 2008.

Anthony A. Figliola, Jr., Esquire, Figliola & Facciolo, Wilmington, Delaware, and James S. Friedman, Esquire, Newark, New Jersey, for appellant.

Paul R. Wallace, Esquire, Chief of Appeals, and James T. Wakley, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before HOLLAND, BERGER and RIDGELY, Justices.

HOLLAND, Justice.

The defendant-appellant Dwayne Staats ("Staats") appeals from the Superior Court's judgment that denied his motion for post-conviction relief. Staats was indicted on September 7, 2004, for Murder in the First Degree and Possession of a Firearm During the Commission of a Felony. Following a six-day jury trial in the Superior Court, Staats was found guilty of both charges. On September 30, 2005, Staats was sentenced to life in prison at Level V without the possibility of parole or probation on the murder conviction and to ten

years in prison at Level V on the weapons conviction.

Staats filed a direct appeal from his convictions with this Court on October 14, 2005. This Court affirmed his convictions in an order dated June 29, 2006.[1] A mandate was issued to Superior Court on July 20, 2006, directing the affirmance of Staats' convictions and sentences.

Staats filed a motion for post-conviction relief under Superior Court Criminal Rule 61 on July 12, 2007. The Superior Court concluded that Staats' motion for post-conviction relief was time-barred under Rule 61(i)(1). The relevant part of Rule 61(i)(1) provides that "[a] motion for post-conviction relief may not be filed more than one year after the judgment of conviction is final."[2] Because the Superior Court believed that Staats' motion for post-conviction relief was not filed within one year of the date that the judgment of conviction became final, it applied Superior Court Criminal Rule 61(i)(5).[3] Rule 61(i)(5) provides that the court may consider a motion that is otherwise time-barred under subsection (i)(1) if there is "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[4] Therefore, the Superior Court stated, it would deny Staats' Rule 61 motion unless he could show a miscarriage of justice resulting from a constitutional violation. The Superior Court denied Staats' motion on March 28, 2008.[5]

In this appeal, Staats argues that the Superior Court erroneously concluded that his Rule 61 motion for post-conviction relief was time-barred. As a result of that error, Staats submits that the Superior Court applied an improper standard of review. After evaluating each ground under the *Strickland*[6] analysis, the Superior denied Staats' motion. Staats asks to this Court to reverse the Superior Court's judgment and remand this matter to the Superior Court to apply the appropriate standard.

We have concluded that although the Superior Court erred when it determined that Staats' motion was time-barred under Rule 61(i)(1), it nonetheless applied the correct standard of review when it considered the three grounds that Staats alleged for ineffective assistance by his trial counsel. Even if the Superior Court had properly concluded that Staats' motion was not time-barred, it was required to apply the same *Strickland* analysis to his ineffective assistance of counsel claims. Therefore, the Superior Court did not commit reversible error and its judgment denying Staats' motion for post-conviction relief must be affirmed.

### Timely Motion for Post-Conviction Relief

■ Staats argues that the Superior Court erred when it concluded that his motion for post-conviction relief was time-barred under Superior Court Criminal Rule 61(i)(1). Rule 61(i)(1) relevantly provides: "[a] motion for postconviction relief may not be filed more than one year after

1. *Staats v. State*, 902 A.2d 1125, 1126 (Del. 2006).

2. Del.Super. Ct.Crim. R. 61(i)(1) (2008).

3. *State v. Staats*, No. 0408028022, at 2, 2008 WL 3820419 (Del.Super. March 28, 2008) (order).

4. Del.Super. Ct.Crim. R. 61(i)(5) (2008).

5. *State v. Staats*, No. 0408028022, 2008 WL 3820419 (Del.Super. March 28, 2008) (order).

6. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

the judgment of conviction is final." [7] If the defendant filed a direct appeal of his convictions, the time period under Rule 61(i)(1) "begins to run when the direct appeal process is complete, which for this Court, is the date of the issuance of the mandate under Supreme Court Rule 19." [8]

According to Supreme Court Rule 19, after a case is finally determined, the mandate and a certified copy of the opinion or order are issued to the trial court.[9] The mandate recites the proceedings in the trial court and in the Supreme Court, directs the affirmance, reversal or modification of the judgment or order in the trial court, and then directs the trial court to take proceedings in accord with the Supreme Court's opinion.[10] Therefore, the date that the Supreme Court decides its opinion or order and the date that the mandate issues to the trial court directing proceedings in conformity with that opinion or order are not necessarily the same date.[11]

■ This Court affirmed on direct appeal Staats' convictions and sentences in an opinion decided June 29, 2006.[12] The mandate to the Superior Court directing the affirmance of Staats' convictions and sentences issued July 20, 2006.[13] Therefore, the judgment of Staats' convictions became final on July 20, 2006, and Staats had until July 20, 2007, one year after the judgment of conviction became final, to file any motions for post-conviction relief.

Staats filed and served his motion for post-conviction relief with the Superior Court on July 12, 2007, eight days before the deadline of July 20, 2007. His motion was filed within the time limitation under Superior Court Criminal Rule 61(i)(1) and was not time-barred. Accordingly, the Superior Court was mistaken when it determined that Staats' motion for post-conviction relief was not filed within the proper time limitation.[14]

### *Post–Conviction Relief Standard of Review*

■ Staats contends that when the Superior Court considered his asserted grounds for relief, it improperly applied a

7. Del.Super. Ct.Crim. R. 61(i)(1) (2008).

8. *Jackson v. State,* 654 A.2d 829, 832–33 (Del. 1995). *See also* Del.Super. Ct.Crim. R. 61(m) (2008) (explaining that, for the purpose of the rule, a judgment of conviction is final: (1) 30 days after the Superior Court imposes the sentence if the defendant does not file a direct appeal; (2) when the Supreme Court issues a mandate or order finally determining the case on direct review if the defendant filed a direct appeal or there is an automatic statutory review of a death penalty; or (3) when the United States Supreme Court issues a mandate or order finally disposing of the case on direct review if the defendant files a petition for certiorari seeking review of the Delaware Supreme Court's mandate or order).

9. Del.Supr. Ct. R. 19(a) (2008).

10. *Id.*

11. For example, in *Major v. State,* this Court affirmed on direct appeal the defendant's con-

victions and sentences in an order decided April 20, 1995. *Major v. State,* 2001 WL 58743, at *1 (Del.Supr.) (order). The judgment of conviction did not become final, however, until the mandate issued on May 8, 1995. *Id.* Similarly, in *Williams v. State,* the defendant's convictions and sentences were affirmed by this Court on direct appeal in an order decided May 30, 2000. *Williams v. State,* 2000 WL 975057, at *1 (Del.Supr.) (order). The Supreme Court's mandate to the Superior Court issued in June 2000. *Id.*

12. *Staats v. State,* 902 A.2d 1125 (Del.2006).

13. *State v. Staats,* Cr. I.D. No. 0408028022, Supr. Ct. No. 501, 2005 (Del.Supr. July 20, 2006).

14. *State v. Staats,* No. 0408028022, at 2, 2008 WL 3820419 (Del.Super. March 28, 2008) (order).

higher standard than it would have applied if it had properly determined that his motion was not time-barred. Staats' argument fails, however, because the standard for analyzing claims of ineffective assistance of counsel in a motion for post-conviction relief is the same. The *Strickland* standards apply to ineffective assistance of counsel claims regardless of whether the claim has met the procedural requirements of Rule 61(i)(1) [15] or is evaluated under subsection (i)(5) for a colorable claim that a miscarriage of justice has occurred because of a Sixth Amendment violation. Accordingly, notwithstanding the Superior Court's error in calculating whether Staats had met the time requirements of Rule 61(i)(1), the court applied the appropriate *Strickland* standard of review when it evaluated Staats' motion under Rule 61(i)(5).

### Ineffective Assistance of Counsel Claims

In support of his motion for post-conviction relief, Staats' stated three grounds on which his Sixth Amendment rights had been violated. He asserted that his attorney: (1) failed to conduct a proper investigation of events surrounding the incident; (2) failed to retain an expert to evaluate the DNA evidence; and (3) improperly conceded that a flight charge in the jury instructions was appropriate. [16] Those three grounds for relief constituted Staats' claim for ineffective assistance of counsel. Applying the *Strickland* test for ineffective

assistance of counsel, the Superior Court considered (1) whether counsel's representation fell below an objective standard of reasonableness, and (2) whether there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [17] In undertaking its review of Staats' motion, the Superior Court also properly recognized that there is a strong presumption that legal representation is professionally reasonable. [18]

### Investigation Was Reasonable

Staats' first claim was that his trial counsel failed to conduct a proper investigation of events surrounding the incident. To support his claim, Staats asserted that his trial counsel: (1) did not receive all relevant discovery until the "eleventh hour" before trial; (2) only met with Staats for two, short meetings; and (3) failed to interview key witnesses who could have provided relevant and admissible exculpatory evidence, including an alibi defense. This Court stated in *Riley v. State* that "[e]ffective representation by counsel depends upon 'adequate investigation and pre-trial preparation.' " [19]

For Staats to prevail on his claim, he must show that "counsel's actions fell short of an objectively reasonable standard and that there is a reasonable probability that, had it not been for counsel's deficient conduct, the results at trial would have been different." [20] A "reasonable

**15.** See *Ayers v. State,* 802 A.2d 278, 281 (Del. 2002).

**16.** Defendant–Appellant's Motion for Post–Conviction Relief at 5–6, *State v. Staats,* Cr. I.D. No. 0408028022 (Del.Super. July 12, 2007).

**17.** *Strickland v. Washington,* 466 U.S. at 688, 694, 104 S.Ct. 2052.

**18.** *Flamer v. State,* 585 A.2d 736, 753–54 (Del. 1990).

**19.** *Riley v. State,* 585 A.2d 719, 727 (Del.1990) (citation omitted). See also *Gattis v. State,* 697 A.2d 1174, 1184 (Del.1997).

**20.** *Gattis v. State,* 697 A.2d at 1184.

probability" is "a probability sufficient to undermine confidence in the outcome of the trial."[21] Staats, however, must "overcome the strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance."[22]

In *Gattis v. State*, the defendant-appellant argued in his motion for post-conviction relief that his attorneys unreasonably and prejudicially failed to properly and adequately prepare for trial when they failed to: (1) determine and develop adequately his version of the facts; (2) interview the relevant witnesses; (3) use the available means of discovering exculpatory evidence; (4) make appropriate objections during trial; and (5) have any unified theory of defense to the charges he faced.[23] He also contended that, because of his counsel's ineffective assistance, the State waited until the penalty phase to inform the defense of a witness' statements made in a police report that the defendant-appellant believed would have been helpful in his defense of accident.[24]

In *Gattis*, this Court concluded that the trial preparation of defendant-appellant's counsel did not fall below the standard and did not cause the defendant-appellant to suffer actual prejudice.[25] In considering the viability of the accident defense in *Gattis*, this Court explained that, even if a nationally known forensic consultant had testified at trial, the "testimony would have added no weight to [the] accident theory and would not have changed the

outcome of [the] trial."[26] This Court also determined, based on a review of the record and affidavits of counsel, that counsel met with the defendant-appellant to discuss trial strategy, including the feasibility of the accident defense, interviewed neighbors and visited the crime scene.[27] Counsel also considered the need for a forensic expert to reconstruct the scene but ultimately rejected the idea and reviewed the physical evidence at the police headquarters.[28] In *Gattis*, this Court held that the Superior Court did not abuse its discretion when it denied the defendant-appellant's motions for post-conviction relief based on ineffective assistance of counsel because he failed to show "what evidence or course of action his attorneys should have presented or undertaken that would have resulted in a different outcome at trial."[29]

■ After reviewing the trial transcript and the affidavit of Staats' trial counsel, the Superior Court noted that Staats' trial counsel received initial discovery before June 27, 2005, and wrote to the State on July 18, 2005, to request additional information to the "extensive discovery" he had already received.[30] Trial began on July 19, 2005. The Superior Court concluded that the discovery was received in sufficient time because Staats' trial counsel received the bulk of discovery in advance of the trial and the requests on July 18, 2005, mostly sought confirmation that ad-

---

21. *Id.* (citing *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. 2052).

22. *Id.* (citing *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. 2052; *Shockley v. State*, 565 A.2d 1373, 1376 (Del.1989)).

23. *Id.*

24. *Id.* at 1178.

25. *Id.* at 1184.

26. *Id.* at 1185.

27. *Id.*

28. *Id.*

29. *Id.* at 1186.

30. *State v. Staats*, No. 0408028022, at 2–3, 2008 WL 3820419 (Del.Super. March 28, 2008).

ditional information did not exist.[31] Therefore, the Superior Court determined that "[t]he documents were received in such time that defendant suffered no prejudice" and the defendant's argument was "insufficient to establish ... that counsel's conduct was unreasonable."[32]

The Superior Court also concluded that Staats' trial counsel conducted a sufficient investigation. Trial counsel had documented his meetings and communications with Staats. Further, the Superior Court concluded that Staats made "bald assertions that counsel failed to interview key witnesses" that were "not supported by evidence or even mere names of potential witnesses."[33] Accordingly, we hold that the record supports the Superior Court's conclusion that there was no merit to Staats' first basis for asserting that his trial attorney's assistance was ineffective.

### DNA Expert Unnecessary

■ Staats' second claim was that his trial counsel failed to retain an expert to evaluate the DNA evidence. Specifically, Staats claimed that the primary issue in the case was the identification of the person who shot the victim and that "the DNA evidence, albeit inconclusive, was among the strongest identification evidence in the case."[34] The Superior Court properly recognized, however, that the DNA evidence was not the strongest evidence in the case because there were a number of eyewitnesses to the murder and three people who testified at trial "put

defendant at the scene."[35] Therefore, the Superior Court concluded, "[c]ounsel's decision not to hire an independent DNA expert was reasonable and does not amount to ineffective assistance of counsel."[36] The record supports that conclusion.

In *Jackson v. State*, the defendant-appellant argued that his trial counsel were ineffective for failing to hire independent forensic experts to conduct a proper defense.[37] He could not, however, "articulate what exactly trial counsel would have discovered if they had requested and been granted funds for independent forensic tests of the physical evidence and such tests had been conducted before trial."[38] In *Jackson*, this Court concluded that the Superior Court "correctly found that trial counsel's representation fell well within the range of professionally competent assistance" because the record indicated that counsel made a tactical decision not to hire or consult additional forensic experts to test the physical evidence placing the defendant-appellant at the scene.[39]

As in Staats' case, there was strong evidence that not only placed the defendant-appellant at the scene of the crime but also implicated him in the murder.[40] The defendant-appellant in *Jackson* presented no alibi, several witnesses testified that he bragged about the killing, several witnesses saw the items stolen from the victim in the defendant-appellant's apartment, and a witness testified that he saw

**31.** *Id.*

**32.** *Id.* at 3–4.

**33.** *Id.* at 4.

**34.** *Id.* (citing Appellant's Motion for Post–Conviction Relief at 6, *State v. Staats*, Cr. I.D. No. 0408028022 (Del.Super. July 12, 2007)).

**35.** *Id.*

**36.** *Id.*

**37.** *Jackson v. State*, 770 A.2d 506, 512–13 (Del.2001).

**38.** *Id.* at 513.

**39.** *Id.*

**40.** *Id.*

the defendant-appellant put a bloody glove in the trash.[41] There is equally strong evidence placing Staats at the scene of the crime and implicating him in the murder. Therefore, the Superior Court properly rejected Staats' second ground for post-conviction relief based upon ineffective assistance from his trial counsel.

### Flight Instruction Proper

■ Staats' third claim was that his trial counsel improperly conceded that a flight instruction to the jury was appropriate. According to the record, Staats' trial counsel initially objected to the flight instruction but later withdrew his objection when he discovered there were insufficient legal grounds to support his objection.[42] In Staats' direct appeal of his convictions and sentences, this Court evaluated his argument that the flight instruction was improper and determined "that the flight instruction was entirely appropriate in Staats' case." [43] The Superior Court, therefore, correctly relied on this Court's decision to conclude that counsel's decision not to object to the jury instruction on flight was reasonable and did not amount to ineffective assistance of counsel.[44]

### Conclusion

The judgment of the Superior Court is affirmed.

---

**41.** Id.

**42.** State v. Staats, No. 0408028022, at 5, 2008 WL 3820419 (Del.Super. March 28, 2008).

**43.** Staats v. State, 902 A.2d 1125, 1129 (Del. 2006).

**44.** State v. Staats, No. 0408028022, at 5.