# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 1404012395 |
| | ) | Cr. A. Nos. IN14-06-0805, etc. |
| ERIC JACKSON, SR., | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 14, 2016
Decided: December 5, 2016

## ORDER DISMISSING RULE 61 MOTION

This 5th day of December, 2016, upon Defendant Eric Jackson's Motion for Postconviction Relief (D.I. 66) and the record in this matter, it appears to the Court that:

(1)     On January 16, 2015, Eric Jackson was convicted of multiple criminal offenses in this matter. His sentencing occurred on February 5, 2016.[1] Jackson filed no direct appeal.

(2)     On June 7, 2016, the Court found that Jackson had, for the second time, violated the terms of his probated sentence and then sentenced him to a total of six months imprisonment with no probation to follow.[2] That sentence was later

---

[1]     *See* Sentencing Order, *State v. Jackson*, I.D. No. 1404012395 (Del. Super. Ct. Feb. 5, 2016) (D.I. 52).

[2]     *See* Second VOP Sentencing Order, *State v. Jackson*, I.D. No. 1404012395 (Del. Super. Ct. June 7, 2016) (D.I. 64).

modified on July 21, 2016.[3] Jackson was placed in a work release center after he served 30 days in prison.[4] Again, there was no probation to follow and the effective date of the sentence remained May 30, 2016.[5]

(3)     Jackson thereafter filed the instant timely motion for postconviction relief under Superior Court Criminal Rule 61.[6]

(4)     One seeking relief under Rule 61 must be "in custody."[7] Jackson fully completed his sentence on November 5, 2016, and on that date was released from all "custody"[8] under the conviction he challenges here.

---

[3]     *See* Modified VOP Sentencing Order, *State v. Jackson*, I.D. No. 1404012395 (Del. Super. Ct. July 21, 2016) (D.I. 69).

[4]     *See id.*

[5]     *See id.*

[6]     *See* Del. Super. Ct. Crim. R. 61(i)(1) (providing that a motion for postconviction relief must be filed no more than one year after the judgment of conviction is final); *see also Jackson v. State*, 654 A.2d 829, 832-33 (Del. 1995) (for a defendant who takes no direct appeal, the one-year period under Rule 61(i)(1) begins thirty days after sentencing).

[7]     Del. Super. Ct. Crim. R. 61(a)(1) (providing that "[t]his rule governs the procedure on an application by a person *in custody* under a sentence of this court seeking to set aside the judgment of conviction") (emphasis added).

[8]     *See, e.g.*, *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (observing that to be "in custody" for federal habeas corpus purposes, an individual must, at least, be "subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'") (internal citations and quotations omitted).

(5)     And given his lengthy criminal record,[9] Jackson has never sought to, nor could ever, establish that he would suffer any collateral consequences as a result of the convictions he seeks to challenge through this motion.[10]

(6)     When determining whether postconviction relief might be available to one no longer "in custody" under a sentence for the challenged conviction, Delaware courts have long and consistently held that relief under Rule 61 is not.[11] One who attempts to avail himself of the Rule's postconviction relief provisions lacks standing to do so[12] and his claims are moot.[13]

---

[9]     *See* First VOP Report and Warrant, *State v. Jackson*, I.D. No. 1404012395 (Del. Super. Ct. July 21, 2016) (D.I. 55) ("Eric Jackson is a 42 year old male who has more than 50 arrests on file consisting of 141 charges of which 92 are criminal, 44 traffic and 5 local ordinance violations.  Mr. Jackson has been convicted of [f]our [f]elonies.  Mr. Jackson has a long history with Probation and has absconded from supervision in the past.  Mr. Jackson is a career criminal . . . .").

[10]     *See Paul v. State*, 2011 WL 3585623, at *1 (Del. Aug. 15, 2011) (*quoting Gural v. State*, 251 A.2d 344, 344-45 (Del. 1969)) (noting that "[t]he only exception to the [in custody] rule is when the defendant 'suffers collateral legal disabilities or burdens.'").

[11]     *See Steck v. State,* 2015 WL 2357161, at *2 (Del. May 15, 2015) ("As a general matter, relief under Rule 61 is only available when the movant is in custody on the conviction that is the subject of the postconviction motion."); *Ruiz v. State*, 2011 WL 2651093, at *2 (Del. July 6, 2011) (finding movant "lack[ed] standing" to seek postconviction relief because this Court had discharged him from probation); *Summers v. State*, 2003 WL 1524104, at *1 (Del. Mar. 20, 2003) (movant was no longer in custody as a result of the challenged conviction "and thus is not entitled to seek postconviction relief."); *Guinn v. State*, 1993 WL 144874, at *1 (Del. Apr. 21, 1993); *State v. Cammille*, 2014 WL 2538491 (Del. Super. Ct. June 3, 2014) (because movant was no longer "in custody . . . in a manner contemplated by Rule 61 . . . [he] lack[ed] standing under Rule 61 and [wa]s not entitled to seek postconviction relief.") (internal quotations omitted); *State v. Hinson*, 2006 WL 337031, at *2 (Del. Super. Ct. Feb. 10, 2006) (movant was "barred from relief pursuant to Rule 61 from her [challenged] conviction because she is not 'in custody or subject to future custody' for that challenged conviction.").

[12]     *See Pumphrey v. State*, 2007 WL 3087405, at *1 (Del. Oct. 23, 2007) (holding this Court "did not err in concluding that appellant lacked standing to pursue a motion for postconviction

-3-

(7)    So Jackson's postconviction motion must be **DISMISSED** without further proceedings because he now lacks standing to obtain postconviction relief under Rule 61[14] and his claims thereunder are **MOOT.**

**SO ORDERED this 5ᵗʰ day of December, 2016.**

_____
**Paul R. Wallace, Judge**

Original to Prothonotary

cc:    Eric Jackson, *pro se*
       David C. Skoranski, Esquire
       Jenna R. Milecki, Deputy Attorney General

---

relief because appellant had completed his sentence and thus was no longer 'in custody or subject to future custody' under the sentence for which postconviction relief was sought."); *Fullman v. State*, 2000 WL 140114, at *1 (Del. Feb. 1, 2000) (because movant was no longer serving a sentence on the challenged Delaware charges, he "d[id] not have standing to pursue his claims pursuant to Rule 61.").

[13]    *See Watson v. State*, 2015 WL 1456771, at *2 (Del. Mar. 30, 2015) ("Generally, under Delaware law, once a criminal sentence is completed, any postconviction claim with respect to that conviction is moot because the defendant is no longer "in custody under [the] sentence.") (alteration in original). *Accord Paul*, 2011 WL 3585623, at *1 (finding the same).

[14]    *See Ruiz v. State*, 2008 WL 1961187, at *2 (Del. May 7, 2008) ("We have previously explained that a person loses standing to move for postconviction relief under Rule 61 where the defendant is not in custody or subject to future custody for the underlying offense or challenged sentence.").

-4-