**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|                          |     |                          |
|--------------------------|-----|--------------------------|
| **STATE OF DELAWARE,**   | )   |                          |
|                          | )   |                          |
|                          | )   |                          |
| **v.**                   | )   | **ID No.  1703008054**   |
|                          | )   |                          |
|                          | )   | **Cr. A. No. IN17-04-0119R1** |
| **KIYOHN M. CARROLL,**   | )   |                          |
| **Defendant.**           | )   |                          |

Submitted: January 4, 2024\*
Decided: January 26, 2024

*Upon Defendant Kiyohn M. Carroll's Motion for Postconviction Relief.*
**SUMMARILY DISMISSED.**

## <u>ORDER</u>

This 26th day of January, 2024, upon Defendant Kiyohn M. Carroll's Motion for Postconviction Relief (D.I. 25), and the record in this matter, it appears to the Court that:

(1)    Kiyohn M. Carroll was indicted in April 2017 for two counts of Rape in the First Degree, seven counts of Rape in the Second Degree, one count of Rape in the Fourth Degree, two counts of Assault in the Third Degree, one count of Terroristic Threatening, and one count of Unlawful Imprisonment in the Second Degree.[1] The incidents that brought about these charges occurred in 2012 and 2016

---

\* *See* n.4, *supra.*

[1]  D.I. 1.

when he sexually assaulted two different men in events that began in Philadelphia and ended in Delaware motel rooms. In November 2020—after he had completed a Pennsylvania kidnapping sentence related to one of those attacks—Mr. Carroll was transferred to Delaware to answer his charges here.

(2)    Mr. Carroll eventually pleaded *nolo contendere* to a single count of fourth-degree rape (as a lesser of first-degree rape) in May 2022. He did so in exchange for dismissal of the remaining charges and the State's favorable sentencing recommendation—a time-served Level V sentence.[2]  His sentencing occurred several months later, on December 2, 2022, and Mr. Carroll was sentenced to fifteen years at Level V suspended after two years and one month (served under the provisions of 11 *Del. C.* § 4202(k)) to be followed by six months at Level IV (DOC Discretion) and an extended Level III term.[3]

(3)    Mr. Carroll docketed no direct appeal from his conviction or sentence.

(4)    Several months later, in March 2023, Mr. Carroll was before the Court for a violation of his Level IV term.[4] That violation was resolved.[5] And Mr. Carroll has now finished the Level IV portion of this sentence and is presently serving his

---

[2]    D.I. 14.

[3]    D.I. 17.

[4]    D.I. 18-21.

[5]    *See* D.I. 20 and 22.

community supervision at Level III.[6]

(5) Mr. Carroll filed the instant motion for postconviction relief under Superior Court Criminal Rule 61 on January 4, 2024.[7] In sum, Mr. Carroll says he is entitled to postconviction relief because his counsel was ineffective in the investigation and preparation of his case and "[he] thus was forced into taking the plea."[8]

(6) The Court has engaged in the preliminary consideration of Mr. Carroll's application required under Superior Court Criminal Rule 61(d). The Court finds that, consistent with Rules 61(i)(1) and (d)(5), his should be **SUMMARILY DISMISSED** because it is an unexcused untimely motion.

(7) When considering applications for postconviction relief under its criminal rules, this Court addresses any applicable procedural bars before turning to the merits.[9] This policy protects the integrity of the Court's rules and the finality of its judgments.[10] As the Court has observed, addressing the merits of a case that does

---

[6] *See* D.I. 22.

[7] Mr. Carroll stamped his postconviction motion at 5:33 p.m. on January 4, 2024, at the all-courts' "night drop" clock in the lobby of the Leonard L. Williams Justice Center. D.I. 25. It was clocked in and docketed by this Court's Prothonotary the next morning, January 5, 2024, at 8:56 a.m. *Id.* Assuming without deciding that Mr. Carroll's night-clocking was sufficient, the Court uses the earlier of two potential filing dates—January 4, 2024.

[8] Def. Rule 61 Mot., at 3-4.

[9] *See*, *e.g.*, *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002). *See also Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

[10] *State v. Caldwell,* 2009 WL 3069680, at *1 (Del. Super. Ct. Sept 14, 2009).

not meet procedural requirements effectively renders our procedural rules meaningless.[11]

(8) Mr. Carroll's motion for postconviction relief is controlled by Rule 61(i)(1)'s time limitation.[12]

(9) Thereunder, "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final."[13] Mr. Carroll's rape conviction became final on January 3, 2023.[14] He then had one year from that date—or until January 3, 2024—to file his postconviction motion. He did not file until January 4, 2024—that is, a day too late. Accordingly, Mr. Carroll's postconviction motion is plainly procedurally barred as untimely under Superior Court Criminal Rule 61(i)(1).

---

[11] *See State v. Chao*, 2006 WL 2788180, at *5 (Del. Super. Ct. Sept. 25, 2006) ("To protect the integrity of the procedural rules, the Court should not consider the merits of a postconviction claim where a procedural bar exists."); *State v. Jones*, 2002 WL 31028584, at *2 (Del. Super. Ct. Sept. 10, 2002) (citing *State v. Gattis*, 1995 WL 790961, at *3 (Del. Super. Ct. Dec. 28, 1995)) (same).

[12] This Court's Criminal Rule 61(i)(1) states in relevant part: "Time limitation. A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . ."

[13] Del. Super. Ct. Crim. R. 61(i)(1).

[14] *See Jackson v. State*, 654 A.2d 829, 833 (Del. 1995) ("A defendant who does not take a direct appeal within thirty days of the time of sentencing is subject to a 'finality' date which begins when the time for direct appeal has expired. For such defendants the [one-]year period under Rule 61(i)(1) begins thirty days after sentencing."); *see also* Del. Super. Ct. Crim. R. 45(a) (allowing that when the last day of a period prescribed or allowed by the Court's criminal rules falls on a Saturday, Sunday, or other legal holiday, the prescribed period shall run until the end of the next day on which the prothonotary is open).

(11) Now, the time bar does not "apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d)" of Rule 61.[15] But Mr. Carroll doesn't claim that this Court lacked jurisdiction, that "new evidence exists that creates a strong inference" of actual innocence,[16] nor that "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to [his] case and renders [his] conviction . . . invalid."[17] Instead, Mr. Carroll's is a run-of-the-mill ineffectiveness claim that his counsel's alleged failings prompted his plea. As such, his untimely motion is undoubtedly procedurally barred by Criminal Rules 61(i)(1).

(12) Having engaged in the preliminary consideration of his motion expected under Rule 61(d), the Court finds that "it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that [Mr. Carroll] is not entitled to relief."[18]

---

[15] Del. Super. Ct. Crim. R. 61(i)(5).

[16] Del. Super. Ct. Crim. R. 61(d)(2)(i); *id*. at (i)(5). *See State v. Madison,* 2022 WL 3011377, at *4 (Del. Super. Ct. July 29, 2022), *a'ffd*, 2022 WL 17982946 (Del. Dec. 29, 2022) (explaining Rule 61's "new evidence standard" adopted by the Delaware Supreme Court the year before in *Purnell v. State*, 254 A.3d 1053 (Del. 2021)).

[17] Del. Super. Ct. Crim. R. 61(d)(2)(ii). *See also id*. at (i)(5).

[18] *Id.* at (d)(5).

(13) Accordingly, Mr. Carroll's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.[19]

**SO ORDERED this 26th day of January, 2024.**

Paul R. Wallace, Judge

Original to Prothonotary

cc:   Mr. Kiyohn M. Carroll, *pro se*
      Diana A. Dunn, Deputy Attorney General

---

[19] *Id.* ("Summary dismissal. If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.").