**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID Nos. 1507023080A & B |
| | ) | |
| TAUSHIA MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

Dates Submitted: October 28 and December 17, 2024
Date Decided: January 8, 2025

## ORDER DENYING SENTENCE MODIFICATION

Upon consideration of Taushia Mitchell's ("Defendant's") motions for reduction/modification filed October 28, 2024 and December 17, 2024 (together, "Rule 35(b) Motions"), the facts, arguments and legal authorities set forth therein, Superior Court Criminal Rule 35(b), statutory and decisional law, and the entire record in this case, it appears that:

1.     On October 26, 2015, Defendant was indicted in Case Nos. 1507023080A and B (consolidated with 150702457[1]) for Murder First Degree, Possession of Firearm During the Commission of a Felony ("PFDCF"), Theft of a Motor Vehicle, Theft Felony, and Possession of a Firearm by a Person Prohibited ("PFBPP") for offenses that occurred July 23, 2015.[2]

---

[1] This Order refers to Case No. 1507023080.

[2] Docket Item ("D.I.") 2.

2.     A jury was selected and sworn[3] and trial began on June 20, 2017.[4]   On the third day of trial, June 22, 2015, and with the assistance of counsel, Defendant elected to plead guilty to the amended, lesser charge of Murder Second Degree (Count I) and PFDCF (Count II) in exchange for which all remaining charges were dismissed.[5]

3.     The Plea Agreement, signed by Defendant, states: "State and Defendant agree to recommend . . . a total non-suspended Level Five sentence of 35 years, with the respective sentences for Count [I] and Count [II] to be served consecutively."[6] Defendant also signed the Truth-in-Sentencing Guilty Plea Form acknowledging the total consecutive maximum penalty range was "18 TO LIFE" and that he was satisfied with his defense counsel's representation. [7]   The Court ordered a presentence investigation.[8]

4.     On August 25, 2015, this Court finally convicted [9] and sentenced

---

[3] D.I. 11–13.

[4] D.I. 22.

[5] D.I. 23 at Plea Agreement.

[6] *Id.*

[7] *Id.* at Truth-in Sentencing Guilty Plea Form.

[8] *Id.*

[9] A criminal conviction becomes final at the time of sentencing. *State v. Waters*, 2019 WL 2486753, at *2 (Del. Super. June 13, 2019), *aff'd*, 242 A.3d 778 (Del. 2020); *Jackson v. State*, 654 A.2d 829, 831–32 (Del. 1995) (explaining that the sentencing order is the "order appealed from" in our statutory scheme). *See also* 10 *Del. C.* § 147 (time for appeal from

Defendant: (1) Murder Second Degree to 50 years Level 5, suspended after 30 years, with 15 years being minimum/mandatory pursuant to statute, for 2 years Level 3 and (2) Possession of a Firearm During the Commission of a Felony to 5 years at Level 5.[10]

5. On November 27, 2017, Defendant moved pro se for reduction of sentence under Superior Court Criminal Rule 35(b).[11] By Order dated January 4, 2018, this Court denied that motion as without merit because: the sentence was imposed pursuant to a Plea Agreement between the State and signed by the Defendant, who was aware of the possible range of penalties; 20 years of the Level V sentence was minimum mandatory; and no additional information was provided to warrant a modification of sentence.[12]

6. On February 5, 2018, Defendant again moved pro se for sentence modification;[13] this Court denied that motion as inappropriately filed.[14]

7. On March 31, 2023, Defendant filed a third pro se motion for review of

---

Superior Court criminal actions); 10 *Del. C.* § 9904 (time for the State to file an appeal).

[10] D.I. 24, 25.

[11] D.I. 26.

[12] D.I. 27

[13] D.I. 28.

[14] *Id.*

3

sentencing alleging extraordinary circumstances, including: his age at the time of the offense; corresponding immaturity; difficult personal and family history; and lack of access to rehabilitation during incarceration.[15] By Order dated May 17, 2023, this Court denied Defendant's third Rule 35 motion as meritless because: the motion was time-barred; the motion was repetitive; the sentence was imposed pursuant to a Plea Agreement between the State and signed by the Defendant, who was aware of the possible range of penalties; 20 years of the Level V sentence was minimum mandatory; successful rehabilitation did not constitute a mitigating factor; and no additional information was provided to warrant a modification of sentence.[16]

8. On October 4, 2024 and December 17, 2024, respectively, Defendant moved pro se for the instant fourth and fifth Rule 35(b) motions (the "Motions").

## ANALYSIS

9. Under Rule 35(b), the Court may reduce or modify a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[17] The intent of Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[18] The Court has broad

---

[15] D.I. 29.

[16] D.I. 30.

[17] Super. Ct. Crim. R. 35(b).

[18] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967).

discretion to decide whether the judgment should be altered when a motion for reduction of sentence is filed within 90 days of sentencing.[19] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[20]

10. Defendant claims his sentence should be modified for two reasons: (1) newly discovered evidence alleging the murder victim physically and sexually abused Defendant and other persons[21] and (2) ineffective assistance of counsel because the "probable cause behind [his] ultimate action was not argued or stated properly."[22] Defendant bears the burden to establish cause to modify a lawfully imposed sentence.[23]

11. Neither of the Motions merit relief under Rule 35(b) because: they are time barred; they are repetitive; the sentence imposed was pursuant to a Plea Agreement between the State and signed by the Defendant, who was aware of the possible range of penalties; 18 years of Defendant's Level V minimum mandatory

---

[19] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014).

[20] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (first citing *United States v. Ellenbogen*, 390 F.2d 537, 541–43 (2d. Cir. 1968); then citing *U.S. v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973); and then citing *State v. Tinsley*, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996)).

[21] *See* D.I. 31 at 2; D.I. 32 at 2.

[22] *See* D.I. 31 at 2; D.I. 32 at 2.

[23] *State v. Evans*, 2024 WL 36518, at *2 (Del. Super. Jan. 3, 2024) (citation omitted).

sentences cannot be suspended;[24] and no additional information has been provided to the Court that would warrant a reduction or modification of sentence.

12. First, the Motions are time-barred because they were filed more than 90 days after imposition of the sentence. This Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances" or pursuant to 11 *Del. C.* §4217.[25] To "uphold the finality of sentences," Delaware law places a heavy burden on the moving party to establish extraordinary circumstances.[26] The term is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[27] Rather, "extraordinary circumstances" excusing an untimely Rule 35(b) motion are facts that "specifically justify the delay;" are "entirely beyond a petitioner's control;" and "have prevented the applicant from seeking the remedy on a timely basis."[28]

---

[24] This Court acknowledges its prior findings indicate Defendant was sentenced to 20 years of minimum mandatory Level V time; however, after reviewing the sentencing order, the record, and applicable statutes, this Court has determined only 18 years of minimum mandatory time was imposed at sentencing. Those 18 years are the sum of two separate minimum mandatory terms of incarceration: Murder Second Degree (15 years pursuant to 11 *Del. C.* § 4205(b)(1)) and PFDCF (3 years pursuant to 11 *Del. C.* §1447A(b)). This change of calculation in the statutory minimum mandatory time does not otherwise affect the factual findings or legal conclusions of those orders.

[25] The Motions are not submitted in accordance with 11 *Del. C.* §4217.

[26] *State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super. Dec. 7, 2006) (citing 1989 Truth in Sentencing Act, 67 *Del. Laws*, c. 130 § 2 (1989).

[27] *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. 2019) (citations omitted).

[28] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (quoting *State v. Diaz*, 2015 WL 1741768,

6

13.    Defendant claims his murder victim's alleged physical and sexual abuse of him and others is newly discovered evidence warranting relief from the time bar.[29]   Defendant states he has one other witness's statement in his possession and can provide another.[30]   But Defendant appended neither statement to the Motions.    Instead, Defendant provided a lengthy narrative detailing his own difficult life circumstances and alleged physical and sexual abuse by the murder victim.[31]

14.    If the Defendant was in fact abused by the victim, he does not claim the abuse exculpates him for the murder;[32] rather, the abuse is offered as a mitigating factor for the purpose of modifying Defendant's sentence at best.    Mitigating factors that could have been presented at sentencing do not constitute "extraordinary circumstances" under Rule 35(b).[33]   Nor does there appear to have been any delay in raising this potential mitigating factor.    Conversely, the ISO Report detailed statements by Defendant and a family member alleging the murder victim physically

---

at *2 (Del. Apr. 15, 2015) (cleaned up).

[29] D.I. 31 at 2–3.

[30] D.I. 31, Attached Statement at 13.

[31] D.I. 31, Attached Statement at 1–13.

[32] Defendant admits, "Yes I Shoot Him Twice In The Head While He Was Sleep [sic]."[32]

[33] *State v. Brown*, 2022 WL 1788558, at *1 (Del. Super. May 25, 2022) (citing *State v. Culp*, 152 A.3d 141, 145 (Del. 2016).

7

and sexually abused the Defendant and perhaps others.[34]  Yet the record here reflects Defendant's allegations were known to the sentencing judge and cannot be considered "new evidence" or an "extraordinary circumstance" warranting relief from the time bar.

15.    Second, Defendant's motion is repetitive.   The Court will not consider repetitive requests for reduction of sentence.[35]   Here, the Defendant previously moved this Court for a change in his sentence and was denied—three times.   The third motion specifically raised his personal and family history as a basis for relief,[36] as he does again now; but the prohibited claims need not be identical or even raised at all.   Under Rule 35(b), "[a] motion is 'repetitive' as that term is used in Rule 35(b) when it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[37]   And unlike the 90-day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception.   Instead, the bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[38]   Here, the Motions are repetitive and thus barred.

---

[34] Investigative Services Report ("ISO") at 4–8.

[35] Super. Ct. Crim. R. 35(b).

[36] D.I. 29 ¶¶ 1–4.

[37] *Culp*, 152 A.3d at 144.

[38] *Thomas v. State*, 812 A.2d 900 (Del. 2002) (TABLE).  *See also Jenkins v. State*, 954 A.2d 910 (Del. 2008) (TABLE) (explaining that Rule 35(b) "prohibits the filing of

16.    Third, although somewhat difficult to decipher, Defendant appears to claim his counsel was "ineffective" for failing to adequately argue motive on Defendant's behalf at sentencing.[39]   At the outset, while that may be his claim now, Defendant is bound by his answers on the guilty plea forms and his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[40] Defendant acknowledged he was satisfied with his counsel's representation.[41] And, notably, the sentence imposed was pursuant to a Plea Agreement between the State and signed by the Defendant—who was aware of the possible range of penalties. Defendant admitted the offenses and agreed to the sentencing range.   Finally, the record reflects defense counsel had a psycho-forensic evaluation of Defendant performed that produced interviews of the Defendant and his family, reflecting Defendant and others had been physically and sexually abused by the victim.   Thus, the alleged abuse, as a potential mitigating factor, was raised and considered by the

---

repetitive sentence reduction motions"); *Morrison v. State*, 846 A.2d 238 (Del. 2004) (TABLE) (denying a Rule 35(b) motion because it "was repetitive, which also precluded its consideration by the Superior Court").

[39] Defendant claims ineffective assistance of counsel by alleging the "probable cause behind [his] ultimate action was not argued or stated properly." D.I. 31–32.

[40] *State v. Harden*, 1998 WL 735879, *5 (Del. Super. Jan. 13, 1998) (citations omitted); *State v. Stuart*, 2008 WL 4868658, at *3 (Del. Super. Oct. 7, 2008) (citing *Savage v. State*, 815 A.2d 349, 349 (Del. 2002)).

[41] D.I. 23.

judge at the time of sentencing. Accordingly, neither Defendant's recycled allegations of abuse, nor defense counsel's alleged sub-par advocacy of same, constitute cause for relief under Rule 35(b).

17.     Fourth, 18 years of the Defendant's sentence are mandatory by statute and cannot be suspended. True, the Court has wide discretion to reduce a sentence upon a timely motion for sentence modification; but the Court has no authority to reduce or suspend the mandatory portion of any sentence.[42]

18.     Finally, no additional information has been provided to the Court that warrants a reduction or modification of this sentence. Although Defendant contends he submitted "new information" for the Court's consideration, as explained, that is simply inaccurate. While vital in nature, the record reflects the Court considered Defendant's allegations when imposing its original sentence.

---

[42] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) (explaining that Rule 35(b) "provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence" (emphasis in original)).

As this Court has held thrice before, Defendant's claims for sentence modification are procedurally barred under Rule 35(b) and otherwise meritless. Because the sentence imposed remains appropriate for all the reasons stated at the time of sentencing and this Court does find that Defendant has demonstrated cause for the relief, the Motions are **DENIED**.

**IT IS SO ORDERED**.

**Kathleen M. Vavala, Judge**

oc:   Original to Prothonotary
cc:   Taushia Mitchell (SBI No. 0062842)
      Investigative Services
      Department of Justice