# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
    Plaintiff, )
)
)
v. ) Cr. ID. No. 1708023084
)
TONY S. DAVIS, Jr., )
)
    Defendant. )

Submitted: November 12, 2025
Decided: February 1, 2026

**COMMISSIONER'S REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF and
POSTCONVICTION COUNSEL'S MOTION TO WITHDRAW**

Erika R. Flaschner, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, Attorney for the State.

James J. Haley Jr., Esquire, Appointed Postconviction Counsel

Tony S. Davis, Jr., Howard R. Young Correctional Institution, Wilmington, Delaware.

**O'CONNOR,** Commissioner.

This 1st day of February, 2026, upon consideration of Defendant Tony Davis, Jr.'s Motion for Postconviction Relief, Attorney James J. Haley, Jr.'s Motion to Withdraw as Counsel, and the record in this matter, the following is my Report and Recommendation.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant Tony Davis Jr. ("Defendant") was arrested on August 31, 2017 and charged with numerous drug and weapons offenses, including Possession with Intent to Deliver Heroin in a Tier 4 Quantity; Possession of Heroin in a Tier 5 Quantity; Possession with Intent to Deliver Ecstasy in a Tier 2 Quantity; Possession of a Firearm by a Person Prohibited;  Possession of Firearm Ammunition by a Person Prohibited; Possession of a Weapon with an Obliterated Serial Number; Carrying a Concealed Deadly Weapon (Firearm); Possession of a Firearm by a Person Prohibited who also possesses a Controlled Substance; Conspiracy Second Degree; Possession of Marijuana; Possession of Alprazolam; Possession of Oxycodone; Possession of Crack Cocaine; Possession of Drug Paraphernalia; and Driving a Motor Vehicle with A Suspended Driver's License.[1]  On October 30, 2017, the New Castle County Grand Jury indicted the Defendant.[2]

---

[1] *State of Delaware v. Tony Davis, Jr.*, Case No. 1708023084, Adult Complaint and Warrant.
[2] Docket Item ("D.I.") 4.

2

On May 7, 2018, Defendant entered a guilty plea to Possession with Intent to Deliver Heroin in a Tier 4 Quantity and Possession of a Deadly Weapon (Firearm) by a Person Prohibited.[3] This Court ordered a Presentence Investigation. On August 20, 2018, the State filed a Motion to Declare Defendant a Habitual Offender.[4] On September 7, 2018, this Court granted the State's Motion to Declare Defendant a Habitual Offender,[5] and thereafter imposed an aggregate sentence of forty years at Level V, suspended after serving seventeen years, followed by probation.[6] Defendant did not appeal the conviction or sentence.

On October 25, 2024, Defendant filed a *pro se* Motion for Postconviction Relief,[7] and a Motion for the Appointment of Postconviction Counsel.[8] On November 8, 2024, this Court granted Defendant's Motion for the Appointment of Counsel.[9]

In the Motion for Postconviction Relief, Defendant raises three claims: (1) the police lacked sufficient probable cause to obtain a search warrant; (2) the Affidavit supporting the search warrant and detention of the Defendant was

---

[3] D.I. 13.
[4] D.I. 15.
[5] D.I. 16.
[6] D.I. 18.
[7] D.I. 31.
[8] D.I. 32.
[9] D.I. 35.

deficient; (3) and trial counsel was ineffective for failing to challenge the constitutionality of the Search Warrant.[10]

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

### a. Rule 61's Procedural Bars

In any motion for postconviction relief, this Court must first determine whether a defendant has satisfied the procedural requirements of Superior Court Criminal Rule 61 before considering the merits of any underlying claim(s).[11] At least two procedural bars are operable in this Motion. First, Superior Court Criminal Rule ("Rule") 61(i)(1) provides:

> **(i) Bars to Relief.**
> (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

Defendant was sentenced on September 7, 2018, and he did not appeal his conviction. In the context of a postconviction relief motion, "[a] defendant who does not take a direct appeal within thirty days of the time of sentencing is subject to a 'finality' date which begins thirty days after sentencing."[12] To have timely filed his

---

[10] See D.I. 31, p. 3-6.

[11] *Taylor v. State*, 32 A.3d 374, 388 (Del. 2011) (citing *Shelton v. State*, 744 A.2d 465, 474 (Del. 1999)).

[12] *State v. Carroll*, 2024 WL 323182, at fn. 14 (quoting *Jackson v. State*, 654 A.2d 829, 833 (Del. 1995)); *also see* Super. Ct. Crim. R. 61(i)(1) (A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final. . . ."), and Super. Ct. Crim. R. 61(m)(i)

Motion, Defendant would have had to file it on or before October 7, 2019. Defendant's Motion, filed on October 25, 2024, is procedurally barred as untimely filed.

Rule 61(i)(1) also permits a litigant to file a motion for postconviction relief more than one year after the judgment of conviction is final if the motion "asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[13] However, Defendant has not claimed this exception to avoid Rule 61(i)(1)'s procedural default.[14] Therefore, Defendant's motion is subject to summary dismissal.

Second, Superior Court Criminal Rule 61(i)(3) provides:

**(3) Procedural default.** Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this Court, is thereafter barred, unless the movant shows:
    **(A)** Cause for relief from the procedural default and,
    **(B)** Prejudice from violation of the movant's rights.

Here, two of Defendant's postconviction claims are also procedurally defaulted because Defendant did not assert claims one or two in the proceedings leading to the

---

("A judgment of conviction is final for the purpose of this rule as follows: (i) [i]f the Defendant does not file a direct appeal, 30 days after the Superior Court imposes sentence.")

[13] *See* Super. Ct. Crim. R. 61(i)(1). This exception is inapplicable here, as Defendant entered a plea and was not convicted after a trial.

[14] *Id.*

judgment of conviction, and he did not appeal his conviction or sentence.[15] Defendant has offered no explanation as to why these claims were not asserted in the proceedings leading to the judgment of conviction, and he has failed to address the cause and prejudice standard found in Rule 61(i)(3)(A-B). For an additional reason, Defendant's claims one and two are procedurally defaulted and procedurally barred.[16]

Finally, Rule 61(i)(5) allows a defendant to avoid the application of the aforementioned procedural bars where a defendant claims this Court lacked jurisdiction, or a claim that satisfies the pleading requirements of Rule 61(d)(2)(i)-(ii).[17] Defendant's Motion does not identify a jurisdictional defect, nor was he convicted after a trial, so he cannot avail himself of the relief provided in Rule 61(d)(2).[18] Therefore, the Motion remains subject to summary dismissal.

A review of court appointed counsel's Motion to Withdraw as Counsel confirms the timeliness procedural bar stated in Rule 61(i)(1) is fatal to Defendant's

---

[15] To the extent claim three raises an ineffective assistance of counsel claim, that claim is not subject to Rule 61(i)(3)'s procedural bar, because a defendant does not generally have an opportunity to assert ineffective assistance of counsel claims on direct appeal. See generally *State of Delaware v. Donmier Peters*, 283 A.3d 668, 680 (Del.Super. Ct. Sept. 30, 2022).

[16] With respect to Rule 61's exception to the application of the procedural bars as noted in Rule 61(i)(5), the Defendant has neither addressed nor satisfied the requirements in Rule 61(d)(2) which require him to: (i) plead with particularity that new evidence exists that creates a strong inference that he is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to his case and renders the conviction or death sentence invalid. See Rule 61(d)(2)(i-ii).

[17] *See* Super. Ct. Crim. R. 61(i)(5).

[18] *See* Super. Ct. Crim. R. 61(d)(2)(i) – (ii).

Motion. Specifically, counsel notes Defendant's Motion is filed "more than five years late,"[19] and he could not "identify any theory by which the one-year limitation of Rule 61(i)(1) would be inapplicable to this matter."[20]

## III.  CONCLUSION

For the foregoing reasons, I recommend Defendant's Motion for Postconviction Relief should be **SUMMARILY DISMISSED** as procedurally barred pursuant to Rule 61(i)(1).  I also recommend this Court deem appointed counsel's Motion to Withdraw as **MOOT**.

**IT IS SO RECOMMENDED.**

Commissioner Martin B. O'Connor

Cc:  Prothonotary
Ericka R. Flaschner, Deputy Attorney General
Tony S. Davis, Jr.

---

[19]  D.I. 40, ¶ 16.
[20]  D.I. 40, ¶ 17.