**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID# 1511001640 |
| | ) | |
| RYAN SHOVER, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: March 24, 2023
Date Decided: May 15, 2023

**ORDER**

Upon consideration of Defendant's *Pro Se* Motion for Postconviction Relief[1] and Appointed Counsel's Motion to Withdraw as Counsel;[2] Superior Court Criminal Rule 61; the facts, arguments, and legal authorities set forth in the Motions; statutory and decisional law; and the record in this case, **IT APPEARS THAT**:

1)      On February 1, 2018, a jury found Defendant Ryan Shover guilty of two counts of Murder First Degree, two counts of Possession of a Deadly Weapon During the Commission of a Felony, Conspiracy First Degree, and Insurance Fraud.[3]

2)      On July 30, 2018, Defendant filed a notice of direct appeal.[4]  On May 21, 2019, the Supreme Court of Delaware issued its Mandate affirming the judgment

---

[1] D.I. 94.
[2] D.I. 116.
[3] D.I. 62.
[4] D.I. 990, 92.

1

of the Superior Court, finding it "evident that the final judgment of the Superior Court should be affirmed on the basis of its transcript rulings during trial."[5]

3) On July 3, 2019, Defendant filed a *pro se* Motion for Postconviction Relief and Motion for Appointment of Counsel.[6]

4) On July 10, 2019, the Superior Court granted the Motion for Appointment of Counsel.[7]

5) On December 4, 2019, the Office of Conflicts Counsel confirmed that Christopher Koyste, Esquire, was appointed as Defendant's Rule 61 Counsel ("Rule 61 Counsel").[8]

6) On January 25, 2021, Rule 61 Counsel filed a Motion to Withdraw, a Memorandum of Law in support of the motion, and three appendices pursuant to Rule 61(e)(6).[9] Rule 61 Counsel informed the Court that, after a thorough review of the record, Defendant's claims lacked merit and there were no additional meritorious claims.[10] Rule 61 Counsel indicated that he transmitted a copy of the filing to Defendant and informed Defendant that Defendant had thirty days to file a response.[11] On this date, Rule 61 Counsel also filed a Motion to Seal portions of the

[5] D.I. 92-93; *Shover v. State,* 217 A.3d 1095 (TABLE), 2019 WL 2206270 (Del. 2019).
[6] D.I. 94.
[7] D.I. 98.
[8] D.I. 102
[9] D.I. 116.
[10] D.I. 116; Mot. Withdraw as Counsel.
[11] *Id.*

appendices to the Motion to Withdraw that were within the scope of the Protective Order entered in Defendant's case on November 9, 2017.[12]

7) On February 12, 2021, Rule 61 Counsel filed a Motion to Modify the November 9, 2017 Protective Order.[13] On this date, Rule 61 Counsel also filed a letter request to extend the deadline by which Defendant could respond to the Motion to Withdraw on the basis that Defendant would be unable to perform a meaningful review of his case file until after the Motion to Modify Protective Order was resolved.[14]

8) On August 2, 2021, the Court granted the Motion to Modify Protective Order and ruled that the appendices to Rule 61 Counsel's Motion to Withdraw be unsealed for release to Defendant without any redactions required.[15] The Court further ordered the State to propose redactions to all materials previously provided to Defendant's prior attorneys, and that Rule 61 Counsel propose redactions to all materials not produced by the State that were internally produced by defense counsel.[16]

---

[12] D.I. 119.
[13] D.I. 118.
[14] D.I. 117.
[15] D.I. 126; Aug. 18, 2021 Order.
[16] *Id.*

9) On December 27, 2021, Defendant filed *pro se* a Motion for Reconsideration of his Postconviction Motion.[17]

10) On July 21, 2022, Rule 61 Counsel informed the Court that redactions to internally produced defense materials had been completed.[18]

11) On September 22, 2022, the State informed the Court that it completed redactions to discovery materials originally provided by the State to Defendant's trial counsel.[19] The State provided these documents to Andrew Peruchi, Legal Services Administrator with the James T. Vaughn Correctional Center, to transmit to Defendant.[20]

12) On September 23, 2022, Rule 61 Counsel filed on Defendant's behalf, Defendant's *pro se* motion for transcripts of jury instructions and motion to compel, and provided the Court with a letter update of same.[21]

13) On December 2, 2022, the Court ordered the State to file a response to Defendant's Motion to Compel by December 30, 2022, after which the Court would set a briefing schedule for Defendant's Rule 61 Motion and Rule 61 Counsel's Motion to Withdraw.[22] The Court also denied Defendant's motion for transcripts of

---

[17] D.I. 129. The Court did not take any action on this considering the pending review of sealed materials by counsel.
[18] D.I. 141.
[19] D.I. 148.
[20] D.I. 149.
[21] D.I. 144-145.
[22] D.I. 151.

jury instructions as moot because Rule 61 Counsel had previously informed the Court that all missing portions of the trial transcripts had been sent to Defendant.[23]

14) On December 12, 2022, the State requested an extension to respond to Defendant's Motion to Compel, which Rule 61 Counsel did not oppose.[24] The Court extended the deadline to January 25, 2023.[25]

15) The State filed its response to Defendant's Motion to Compel on January 25, 2023.[26]

16) On February 6, 2023, the State, in response to the Court's request, informed the Court that Rule 61 Counsel had finished providing Defendant with copies of court transcripts and internally produced defense materials; and that the State had completed its redactions and sent those materials to the Legal Services Administrator.[27] The State advised that there were no additional documents that needed to be sent to Defendant.[28]

17) On February 8, 2023, the Court issued an order on Defendant's Motion to Compel[29] and set a briefing schedule for the pending Motion for Postconviction Relief.[30] The Court denied Defendant's Motion to Compel finding that the State and

---

[23] D.I. 145, 152.
[24] D.I. 153.
[25] D.I. 153.
[26] D.I. 154.
[27] D.I. 158.
[28] *Id.*
[29] D.I. 157.
[30] D.I. 156.

Rule 61 Counsel completed redactions and sent all required discovery to Defendant.[31] The Court held, therefore, that the motion was moot.[32] The Court ordered that Defendant respond to Rule 61 Counsel's Motion to Withdraw by March 24, 2023 and notified Defendant that his failure to file a response by the deadline would constitute a waiver.[33]

18) On February 21, 2023, Defendant filed a second *pro se* Motion to Compel.[34]

19) On April 17, 2023, the Court denied Defendant's second Motion to Compel as moot on the same basis that it denied his first Motion to Compel.[35]

20) As of this date, Defendant has not responded to Rule 61 Counsel's Motion to Withdraw.

## ANALYSIS

21) Pursuant to Superior Court Criminal Rule 61(e)(6), postconviction counsel has an obligation to assist the movant in presenting any substantial ground for relief.[36] If counsel identifies any substantial ground for relief, counsel can file an amended motion to include those grounds.[37] Conversely, if counsel "considers the

---

[31] D.I. 157; Feb. 8, 2023 Order.
[32] *Id.*
[33] *Id.*
[34] D.I. 159.
[35] D.I. 161.
[36] Super. Ct. Crim. R. 61(e)(6).
[37] Super. Ct. Crim. R. 61(b)(6).

6

movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw."[38] If counsel moves to withdraw, they must explain the factual and legal basis for their opinion and provide notice to the movant, who may respond within thirty days of service, unless the court grants an extension of this deadline.[39]

22) Here, Rule 61 Counsel concluded that Defendant's claims lacked sufficient merit to the point that he could not ethically advocate Defendant's position.[40] On this basis, Rule 61 Counsel moved to withdraw.[41]

23) The deadline for Defendant to respond to Rule 61 Counsel's Motion to Withdraw was March 24, 2023.[42] As of the date of this order, Defendant has not responded to Rule 61 Counsel's Motion to Withdraw, having been in possession of all required discovery since approximately September 22, 2022.[43]

24) In the Motion to Withdraw, Rule 61 Counsel engaged in a detailed analysis of Defendant's claims before concluding that they were devoid of merit.[44] Defendant has elected to not contest Rule 61 Counsel's position on his Motion for

---

[38] Super. Ct. Crim. R. 61(e)(7).
[39] *Id.*
[40] Mot. Withdraw; D.I. 116.
[41] *Id.*
[42] D.I. 156.
[43] D.I. 148-149.
[44] *See* Mot. Withdraw p. 15-24.

Postconviction Relief. Because Defendant has failed to timely respond to Rule 61 Counsel's Motion to Withdraw, Defendant is limited to presenting the claims he made in his *pro se* Motion for Postconviction Relief. The Court will not consider any additional claims Defendant made in his Motion for Reconsideration filed on December 27, 2021.

25) With respect to Defendant's Motion for Postconviction Relief, Superior Court Criminal Rule 61(a) states such motions must be based on a sufficient factual or legal basis.[45] Superior Court Criminal Rule 61(b)(2) requires that postconviction motions "specify all grounds for relief which are available to the movant . . . and shall set forth in summary form the facts supporting each of the grounds thus specified."[46] "[F]or a claim of ineffective assistance of counsel to prevail, the defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal."[47] If the motion clearly shows that the movant is not entitled to relief, the court may summarily dismiss it.[48]

26) After a review of the Motion for Postconviction Relief and Motion to Withdraw, in addition to the applicable legal authorities, it is evident that Defendant's grounds for relief do not have merit. Defendant claims defense counsel

---

[45] Super. Ct. Crim. R. 61(a).
[46] Super. Ct. Crim. R. 61(b)(2).
[47] *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).
[48] Super. Ct. Crim. R. 61(d)(5).

8

was ineffective for the following reasons: (1) defense counsel failed to perform DNA testing on certain items at or near the crime scene; (2) the State engaged in prosecutorial misconduct; and (3) Defendant's constitutional right to confront witnesses was violated when the FBI agent who recorded witnesses' statements was not called to testify.[49]

27) With respect to Defendant's first claim, as discussed in the Motion to Withdraw, defense counsel's decision to not test other items for DNA was a strategic decision, which is given substantial deference.[50] Additionally, Defendant sustained no prejudice because there was overwhelming evidence to support the jury's verdict.[51]

28) Defendant's second claim was previously adjudicated in his direct appeal, thus Defendant is barred from raising it in these postconviction proceedings.[52]

29) Defendant's third claim is also without merit.[53] Defendant's constitutional right to confront witnesses was not violated by a witness refreshing

---

[49] D.I. 94.

[50] Mot. Withdraw at pp. 15-18. *See State v. Thomas*, 2019 WL 3205772, at *3 (Del. Super. July 16, 2019) ("Trial Counsel could have requested independent testing of the DNA evidence. However, failing to request independent DNA evidence does not make Trial Counsel ineffective.").

[51] *Id.*; *Staats v. State*, 961 A.2d 514, 520-521 (Del. 2008) (discussing overwhelming evidence implicating defendant in the murder and holding that the "Superior Court properly rejected Staats' second ground for post-conviction relief based upon ineffective assistance from his trial counsel.").

[52] Mot. Withdraw at pp. 21-22; Super. Ct. Crim. R. 61(i)(4).

[53] Mot. Withdraw at pp. 22-24.

his recollection with the FBI agent's typewritten notes of that witness' prior out-of-court statement because the State was permitted to refresh a witness' recollection in this manner pursuant to Delaware Rule of Evidence 612.[54] It was the witness' in-court testimony, not the typewritten notes of that witness' prior statement, that constituted the evidence that went to the jury.[55] The Court, therefore, will enter an Order for its summary dismissal.[56]

**NOW THEREFORE**, Counsel's Motion to Withdraw is **GRANTED** and Defendant's *Pro Se* Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED**.

/s/   *Meghan A. Adams*

Judge Meghan A. Adams

Original to Prothonotary
cc:    Anthony A. Figliola, Esquire
        Peter W. Veith, Esquire
        Christopher Koyste, Esquire
        Carolyn S. Hake, Deputy Attorney General
        Ryan Shover, *pro se*

---

[54] *Id.*;  D.R.E. 612.
[55] Mot. Withdraw at p. 24; D.R.E. 612.
[56] Super. Ct. Crim. R. 61(d)(5).