# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,            )
                             )
    v.            )      ID No.    1903000471
                             )
WILBUR MEDLEY,               )
                             )
    Defendant.            )

## MEMORANDUM OPINION AND ORDER

*Upon Consideration of Defendant's Pro Se Consolidated Motion for
Postconviction Relief:*

## DENIED.

Wilbur Medley, SBI #00324345, Howard R. Young Correctional Institution,
Wilmington, Delaware, *pro se*.

Julia C. Mayer, Esquire, Deputy Attorney General, DELAWARE DEPARTMENT OF
JUSTICE, Wilmington, Delaware, *Attorney for the State of Delaware*.

Monika G. Germono, Esquire, Assistant Public Defender, DELAWARE OFFICE OF
DEFENSE SERVICES, Wilmington, Delaware, *Trial Counsel*.


**RENNIE, J.**

## INTRODUCTION

This memorandum opinion considers, and denies in full, Defendant Wilbur Medley's ("Defendant") *pro se* Consolidated Motion for Postconviction Relief (the "Consolidated Motion") made pursuant to Superior Court Rule of Criminal Procedure 61.[1]  In the underlying criminal action, Defendant pled guilty to Burglary in the Second Degree after breaking into a Wilmington residence and stealing televisions and other property.[2]  Now, he seeks to set aside his judgment of conviction based on allegations of (1) ineffective assistance of counsel; (2) violation of his due process rights; (3) failure to fulfill the plea agreement; and (4) failure to suppress evidence.[3]  As set forth below, each of these claims is invalid, either procedurally or on the merits.

## FACTUAL AND PROCEDURAL HISTORY

The Delaware Supreme Court described the facts that led to this criminal action as follows:

> In February 2019, a home on Vining Lane in Wilmington, Delaware was burglarized, resulting in the theft of three flat-screen televisions, keys, jewelry, and other property. An investigation led by New Castle County Police Detective Christopher Phillips culminated in the execution of a search warrant of Medley's vehicle, which contained a

---

[1] D.I.s 92, 94, 100.  The Consolidated Motion is made up of three documents filed in this Court: (1) Defendant's February 14, 2022 motion for postconviction relief; (2) Defendant's February 17, 2022 motion for ineffective assistance of counsel; and (3) Defendant's May 6, 2023 motion for postconviction relief.  *Id.*  The arguments raised in these documents overlap significantly. Accordingly, the Court considers these related documents together as the Consolidated Motion, rather than as successive motions, in the interest of judicial economy.

[2] D.I. 58.

[3] D.I.s 92, 94, 100.

television stolen from the victim's home. Medley confessed to committing the burglary with a man named "Billy." Medley was indicted on charges of Burglary in the Second Degree, Conspiracy in the Second Degree, Theft, and Criminal Mischief.[4]

On March 5, 2020, during the litigation, Defendant filed a motion to suppress evidence.[5] On April 24, 2020, the State filed a brief in opposition to that motion.

On July 6, 2020, despite being represented by counsel, Defendant filed a *pro se* motion to dismiss.[6] On July 7, 2020, Defendant filed a first *pro se* brief to supplement his motion to dismiss.[7] On August 5, 2020, Defendant filed a second *pro se* brief to supplement his motion to dismiss.[8] On September 22, 2020, before he had entered a plea in this case, Defendant filed a first *pro se* motion for ineffective assistance of counsel.[9] On October 27, 2020, the Court denied both of those motions.[10] On June 15, 2021, the Court denied Defendant's motion to suppress evidence.[11]

On June 22, 2021, Defendant pled guilty to Burglary in the Second Degree.[12] On the same day, this Court sentenced him to eight years of Level V supervision,

---

[4] *Medley v. State*, 281 A.3d 29, 31 (Del. 2022) (describing the factual background of this case); D.I. 4.
[5] D.I. 32.
[6] D.I. 36.
[7] D.I. 54.
[8] D.I. 37.
[9] D.I. 38.
[10] D.I. 40.
[11] D.I.s 56, 57.
[12] D.I. 58.

suspended after two years and six months for one year and six months of Level III supervision.[13]

Shortly thereafter, Defendant began filing a voluminous stream of *pro se* postconviction papers in this Court: On July 28, 2021, Defendant filed a first motion for sentence modification.[14] On August 17, 2021, Defendant filed a second motion for sentence modification.[15] On August 25, 2021, Defendant filed a first motion for credit time.[16] On September 17, 2021, Defendant filed a second motion for credit time.[17] On September 20, 2021, Defendant filed a petition for a writ of habeas corpus.[18] On the same day, September 20, 2021, Defendant filed a third motion for credit time.[19] On September 23, 2021, the Court denied Defendant's motions for credit time and petition for a writ of habeas corpus.[20]

On October 7, 2021, Defendant appealed his June 22, 2021 sentence to the Delaware Supreme Court. On October 12, 2021, Defendant amended that appeal to add a challenge to the Court's September 23, 2021 order.

On October 18, 2021, Defendant filed a first motion for sentence reduction in this Court. On February 13, 2022, Defendant filed a second motion for sentence

---

[13] D.I. 60. The Court amended the sentence order on June 25, 2021, and June 29, 2021, to correct the amount of credit time applied to this sentence. D.I.s 61, 62.
[14] D.I. 63.
[15] D.I. 66.
[16] D.I. 67.
[17] D.I. 72. This motion was filed through Trial Counsel, not *pro se*.
[18] D.I.s 71.
[19] D.I. 73.
[20] D.I.s 76, 77; *Medley v. State*, 281 A.3d 29, 32 (Del. 2022) (setting forth the procedural history of this case).

4

reduction.[21]  On February 14, 2022, Defendant filed a fourth motion for credit time.[22]

On February 14, 2022, Defendant filed a first motion for postconviction relief.[23]  On

February 17, 2022, Defendant filed a second motion for ineffective assistance of

counsel.[24]

On May 12, 2022, the Court issued an order in which it stayed consideration

of Defendant's motions for sentence modification, credit time, postconviction relief,

and ineffective assistance, pending resolution of Defendant's appeal by the

Delaware Supreme Court.[25]

On July 12, 2022, the Supreme Court issued an opinion in consideration of

Defendant's appeal.  The Supreme Court's analysis focused on the issue of credit

time.[26]  Ultimately, the Supreme Court affirmed this Court's June 29, 2021 amended

sentence order.[27]

On May 6, 2023, Defendant filed the instant Consolidated Motion, in which

he asserts a claim for ineffective assistance of counsel and other postconviction

---

[21] D.I. 89.
[22] D.I. 91.
[23] D.I. 92.
[24] D.I. 94.
[25] D.I. 96.
[26] *Medley v. State*, 281 A.3d 29, 32 (Del. 2022) (". . . [O]n June 29, 2021, the judge approved the amended order eliminating the 576 days of credit time and giving Medley 13 days of credit time. That is the amended sentence order at issue in this appeal.")
[27] *Id.* at 34.  On July 19, 2022, Defendant filed a motion for reargument of the Supreme Court's decision.  Mot. for Reargument, *Medley v. State*, No. 315, 2021 (Del. July 19, 2022).  On August 26, 2022, the Supreme Court denied that motion.  *Medley v. State*, No. 315, 2021 (Del. Aug. 26, 2022).  On February 28, 2023, Defendant requested default judgment against the State in this Court.  D.I. 99.

relief. Defendant alleges that his former counsel, Monika G. Germono, Esquire ("Trial Counsel"), provided inaccurate legal guidance, that his right to a speedy sentence was violated, that the State reneged on the plea agreement, and that a search warrant in the case was issued without probable cause.[28]

On July 18, 2023, Trial Counsel filed an affidavit in response to Defendant's ineffective assistance allegations.[29] Trial Counsel agrees with the general contours of Defendant's factual description of the representation but states that she did not withhold information from him and did inform him about his right to appeal.[30] On August 7, 2023, Defendant filed a brief in response to her affidavit, in which he disputes Trial Counsel's characterization of the events that precipitated his ineffective assistance claim.[31]

On August 31, 2023, the State filed a brief in opposition to the Consolidated Motion.[32] The State argues that Defendant's ineffective assistance claim fails the *Strickland v. Washington*[33] test and that his other claims in the Consolidated Motion are procedurally barred.[34]

---

[28] D.I. 100. Defendant also alleges that he was illegally detained, that his due process rights were violated because he was not notified when credit time was removed from his sentence, and that Trial Counsel underinformed and misinformed him of legal options and developments in his case. D.I.s 92, 94. On May 24, 2023, Defendant wrote to this Court to ask for expedited adjudication of his claims. D.I. 102. On July 3, 2023, Defendant wrote to this Court to provide notice that he had filed the Consolidated Motion. D.I. 109.

[29] D.I. 110.

[30] *Id.*

[31] D.I. 112.

[32] D.I. 113.

[33] 466 U.S. 668 (1984).

[34] D.I. 113.

6

On September 12, 2023, Defendant filed a brief in response to the State's brief. There, Defendant adds detail to his arguments from the Consolidated Motion.[35] On September 23, 2023, Defendant filed a brief to further supplement the Consolidated Motion. In it, he emphasizes the instances in which Trial Counsel has agreed with his description of the events. Defendant also disputes the State's description of the procedural history in this case.[36]

This matter is now ripe for the Court to consider.

### LEGAL ANALYSIS

Rule 61 provides the remedy for "a person in custody under a sentence of this court seeking to set aside the judgment of conviction." When evaluating a postconviction motion made pursuant to the Rule, the Court considers procedural requirements before substantive requirements.[37] The motion must satisfy the procedural requirements of "timeliness, repetitiveness, procedural default, and former adjudication."[38] These procedural requirements are considered on a claim-by-claim basis.[39]

---

[35] D.I. 114.

[36] D.I. 115. On February 31, 2024, Defendant wrote a letter to this Court in which he asked for expedited review of the Consolidated Motion. D.I. 117.

[37] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

[38] *State v. Galindez*, 2022 WL 17076594, at *2 (Del. Super. Nov. 18, 2022); Super. Ct. Crim. R. 61(i)(1)-(4). These procedural bars do not apply to a claim of lack of jurisdiction or which pleads with particularity new evidence of the defendant's actual innocence or an applicable new rule of constitutional law made retroactive on collateral review. Super. Ct. Crim. R. 61(i)(5).

[39] *See Thomas v. State*, 1996 WL 663020 (Del. Super. Sept. 10, 1996) (analyzing the postconviction motion procedural bars separately for each claim).

7

A postconviction motion cannot be filed until "the judgment of conviction is final,"[40] but no more than one year afterwards, unless it asserts a retroactively applicable right that was newly recognized thereafter.[41] A conviction that is directly appealed to the Delaware Supreme Court becomes final when the Supreme Court issues its mandate.[42]

Each of the claims that Defendant raises in the February 14, 2022, and February 17, 2022 papers of the Consolidated Motion is procedurally barred.[43] Defendant filed these papers before his judgment of conviction became final, at a time when he could not have properly filed a postconviction motion. Defendant appealed his sentence order to the Delaware Supreme Court, so his judgment of conviction became final when the Supreme Court issued its mandate on August 26, 2022. He filed these postconviction papers prematurely, in violation of the Rule 61(b)(4) timeliness requirement. Hence, the Court need not consider their substance.

In contrast, each of the claims that Defendant raises in the May 6, 2023 papers of the Consolidated Motion is timely. He filed these papers less than one year after

---

[40] Super. Ct. Crim. R. 61(b)(4) ("A motion may not be filed until the judgment of conviction is final.").

[41] Super. Ct. Crim. R. 61(i)(1).

[42] Super. Ct. Crim. R. 61(m)(2); *Jackson v. State*, 654 A.2d 829, 832-33 (Del. 1995); *Summers v. State*, 2004 WL 220327, at *1 (Del. Jan. 27, 2004).

[43] Each of Defendant's claims from these February 2022 papers is reasserted in the May 6, 2023 papers of the Consolidated Motion, except for his illegal detention claim. In that claim, Defendant alleges that law enforcement detained him under the pretext of a traffic stop on March 1, 2019, for approximately twelve hours. D.I. 92. Even if this claim was timely, Defendant failed to raise it in the proceedings that led to his judgment of conviction, so the claim is barred for procedural default. Defendant did not show cause for relief from that default or a prejudice due to a violation of his rights. Super. Ct. Crim. R. 61(i)(3).

8

his judgment of conviction became final when the Supreme Court issued its mandate.[44] The Consolidated Motion is Defendant's first postconviction motion filed after his judgment of conviction became final, so the claims therein are non-repetitive.

In the Consolidated Motion, Defendant raises four claims: (1) ineffective assistance of counsel; (2) violation of his due process rights; (3) failure to fulfill the plea agreement; and (4) failure to suppress evidence.[45] Having addressed the procedural bars for timeliness and repetitiveness for each of the claims, the Court will consider the procedural bars for procedural default and former adjudication separately below with regard to each claim from the Consolidated Motion.

---

[44] *See* D.I. 98.
[45] D.I. 100.

## A. Ineffective Assistance of Counsel

Defendant argues that he entered a guilty plea based on Trial Counsel's guidance that doing so would entitle him to a certain amount of credit for time previously served. However, this time was ultimately not credited to his sentence. Further, Defendant asserts that Trial Counsel was unresponsive and misrepresented to him that the deadline to appeal his conviction had passed.[46]

In her affidavit, Trial Counsel acknowledges that she told Defendant that he would be entitled to one year and seven months (approximately 576 days) of credit time as part of a guilty plea in this case, and that she later learned that this was incorrect. She states that her understanding, at that time, of his eligible credit time led her to believe that he would receive this credit. Trial Counsel acknowledges that Defendant may have relied on this guidance in deciding to enter his guilty plea.[47]

Still, Trial Counsel disputes parts of Defendant's characterization of the representation. She rebuts Defendant's allegation that she was unresponsive and notes that when the credit time was not applied to Defendant's sentence, she filed a motion for credit time on his behalf. Further, Trial Counsel states that, on June 29, 2021, she properly notified Defendant about his right to appeal his conviction.[48]

The State argues that Defendant has failed to establish that Trial Counsel's assistance was so ineffective that it fell below an objective standard of

---

[46] *Id.*
[47] D.I. 110.
[48] *Id.*

10

reasonableness. And the State asserts that Defendant has not articulated a substantiated allegation that he was actually prejudiced by the representation.[49]

Procedurally, Defendant's ineffective assistance claim is not barred for procedural default or former adjudication. Ineffective assistance claims are exempt from Rule 61(i)(3), the procedural default provision.[50] And the claim was not formerly adjudicated. While the claim raises issues similar to those in Defendant's earlier motions and briefs, he has not previously raised a timely ineffective assistance claim against Trial Counsel for the conduct described in the Consolidated Motion.[51] Hence, the Court will consider the merits of the claim.

Substantively, to prevail on an ineffective assistance of counsel claim, the defendant must satisfy the two prongs of the *Strickland v. Washington* test.[52] The defendant must show that (1) the representation fell below an objective standard of reasonableness and (2) but for counsel's errors, there is a reasonable probability that the result of the proceeding would have differed.[53] Without concrete, substantiated

---

[49] D.I. 113.

[50] *Slaughter v. State*, 2022 WL 211378, at *1 (Del. Jan. 25, 2022) (quoting *Green v. State*, 238 A.3d 160, 175 (Del. 2020)).

[51] *State v. Jones*, 2022 WL 2827004, at *6-7 (Del. Super. July 20, 2022) (quoting *Green*, 238 A.3d at 176) ("[T]he mere fact that a post-conviction claim might bear some resemblance to a formerly adjudicated claim does not trigger Rule 61(i)(4)'s bar."). On September 13, 2020, Defendant filed a motion for ineffective assistance of counsel related to Trial Counsel's representation, but the conduct at issue there is completely separate conduct from the conduct at issue in the Consolidated Motion. *See* D.I.s 38, 100.

[52] 466 U.S. 668, 688, 694 (1984).

[53] *Albury v. State*, 551 A.2d 53, 58 (Del. 1988). *United States v. Cronic*, 466 U.S. 648 (1984), created an exception to the *Strickland* test. Under *Cronic*, three situations create a presumption of prejudice to the defendant: (1) complete denial of counsel at a critical stage in the proceedings; (2) failure to subject the prosecution's case to meaningful adversarial testing; and (3) competent

11

allegations of actual prejudice, the claim risks summary dismissal.[54] Further, "review of counsel's representation is subject to a strong presumption that counsel's conduct was professionally reasonable."[55] An ineffective assistance claim concerns whether the actions of trial counsel were adequate, not whether trial counsel could have performed better.[56]

When the ineffective assistance claim concerns the entry of a guilty plea, the defendant must show that, "but for his counsel's unprofessional errors, he would not have pleaded guilty but would have insisted on proceeding to trial."[57] A defendant's claim that he was effectively coerced into accepting a guilty plea because his trial counsel misrepresented the length of his sentence "operates as a challenge to his guilty plea, which he waived when the guilty plea was accepted by the Court."[58] The defendant is bound by the statements he made during the plea colloquy, absent "clear and convincing evidence that the defendant did not understand the plea agreement,

---

counsel very likely could not render assistance. *Urquhart v. State*, 203 A.3d 719, 728-29 (Del. 2019). Defendant's allegations of inaccurate legal guidance, inadequate responsiveness, and misrepresentations by Trial Counsel do not fall within one of these three categories, so they do not implicate the *Cronic* exception to *Strickland*.

[54] *State v. Hohn*, 2015 WL 301982, at *2 (Del. Super. Jan. 21, 2015).

[55] *State v. Williams*, 2001 WL 1335719, at *1 (Del. Super. Oct. 25, 2001) (quoting *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)); *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996) ("Counsel's efforts enjoy a strong presumption of reasonableness.").

[56] *See Gattis v. State*, 697 A.2d 1174, 1178 (Del. 1997). Normal representation, not exceptional or perfect representation, is the standard. *State v. Robinson*, 1998 WL 733049, at *1 (Del. Super. Aug. 25, 1998) (quoting *Renai v. State*, 450 A.2d 382, 384 (Del. 1982)). Still, Delaware lawyers are expected to provide competent representation for clients, which involves inquiring into the factual and legal elements of the client's problem and preparing adequately. Del. Lawyers' R. Prof'l Conduct 1.1, 1.1 cmts. 1, 5.

[57] *Slaughter v. State*, 2022 WL 211378, at *1 n.5 (Del. Jan. 25, 2022) (quoting *Miller v. State*, 840 A.2d 1229, 1231 (Del 2003)).

[58] *State v. Marquin-Mendoza*, 2022 WL 2373864, at *5 (Del. Super. June 30, 2022).

that he was forced to accept the plea, or that he was not satisfied with trial counsel's representation."[59]

Here, Defendant has failed to provide sufficient factual support for his ineffective assistance claim. First, he has not shown that Trial Counsel's representation fell below an objective standard of reasonableness. Trial Counsel made a judgment about the amount of credit time likely to be applied to Defendant's sentence in this case. It should be emphasized that the 576 days of credit for time Defendant previously served did not simply disappear. That time was to be applied to another case and presumably utilized as part of another plea.[60] And, though Defendant alleges that Trial Counsel was unresponsive, she filed motions on his behalf at his request and informed him of his right to appeal his conviction.[61] Accordingly, Defendant has not overcome the strong presumption of professional reasonableness that is afforded to Trial Counsel's conduct. He has not shown that her conduct was inadequate.

Second, Defendant has not shown that he would have insisted on proceeding to trial if not for Trial Counsel's alleged errors. Defendant was given and did take

---

[59] *Id.*

[60] On June 28, 2021, the Delaware Department of Correction wrote to this Court that Defendant had only been held in this case, ID No. 1903000471, from March 1, 2019, to March 13, 2019. It added that Defendant had been held in other cases (1) from March 19, 2019, to April 28, 2019; (2) from June 9, 2019, to November 9, 2020; and (3) from June 16, 2021, to at least June 28, 2021.

[61] *See* D.I.s 32, 72 ; D.I. 92 Ex. D ("I also want to take this opportunity to advise you that if you want to file an appeal, we have 30 days from the sentencing date to file (sentencing date is 6/22/2021).")

the opportunity to wrap up an indictment for Burglary in the Second Degree, Conspiracy in the Second Degree, Theft, and Criminal Mischief—which together carried a penalty of up to twelve years and thirty days of unsuspended Level V time[62]—for a plea to Burglary in the Second Degree with two years and six months of unsuspended Level V time.[63]  Further, at the plea colloquy, Defendant stated that he had not been promised anything beyond the plea agreement, such as a particular sentence or amount of credit time.  The Delaware Supreme Court described the June 22, 2021 sentencing hearing as follows:

> The Plea Agreement was silent as to credit time. In his plea colloquy, Medley stated that he "freely and voluntarily decided to plea guilty to the charge," that he had not "been promised anything that is not stated in [his] written plea agreement," and that no one "promised [him] what [his] sentence [would] be." During the colloquy, Medley confirmed that the Plea Agreement was accurate and he agreed to it knowingly, intelligently, and voluntarily. The judge accepted the plea of guilty and proceeded to impose the recommended sentence.[64]

Third, Defendant has waived challenges to his guilty plea and his statements at the plea colloquy because he has not shown by clear and convincing evidence that Trial Counsel forced him to enter the guilty plea or that he was unsatisfied with Trial

---

[62] D.I. 4.  Burglary in the Second Degree is a Class D Felony with a penalty of up to eight years of Level V supervision.  11 *Del. C.* §§ 825, 4205(b)(4).  Conspiracy in the Second Degree is a Class G Felony with a penalty of up to two years of Level V supervision.  11 *Del. C.* §§ 512; 4205(b)(7). Theft of $1,500.00 or More is a Class G Felony with a penalty of up to two years of Level V supervision.  11 *Del. C.* §§ 841, 4205(b)(7).  Criminal Mischief is an Unclassified Misdemeanor with a penalty of up to thirty days of Level V supervision, plus a fine, restitution, or other sentence conditions.  11 *Del. C.* §§ 811(a)(1), 4206(c).
[63] D.I. 58.
[64] *Medley v. State*, 281 A.3d 29, 31 (Del. 2022).

Counsel's representation at the time. To the contrary, in response to the Court's inquiry, Defendant stated that no one forced him to plead guilty and that he was pleading guilty because he had committed the charged crime.[65]

Fourth, Defendant has failed to concretely substantiate his allegation that he was prejudiced by the representation. In Delaware, the Department of Correction (the "DOC") is the custodian of credit time. Determination of the amount of credit time applicable to a particular sentence is a matter solely within the province of the DOC.[66] Accordingly, in Trial Counsel's communications with Defendant, she did not have the authority to guarantee him that a judge would grant him a particular amount of credit time or a particular duration of sentence, particularly because the credit time sought by a defendant is often denied for having been previously credited to another sentence. The DOC is the final arbiter of the calculation of credit time.[67] Moreover, the Court was not bound by the State's sentence recommendation. The

---

[65] At the plea colloquy, Trial Counsel stated to the Court, "We went over all the plea paperwork, the truth-in-sentencing form, Your Honor. I believe my client's plea is intelligent, knowing, and voluntary." D.I. 82 at 4:18-21. Subsequently, the Court had the following exchange with Defendant:

THE COURT: Is anyone forcing you to plead guilty today?
THE DEFENDANT: No, Your Honor.
THE COURT: So you're pleading guilty because you are, in fact, guilty of this crime?
THE DEFENDANT: Yes, Your Honor.

*Id.* at 10:3-8.
[66] *See, e.g.*, *Medley v. State*, 281 A.3d 29, 31-33 (Del. 2022) (DOC states amount of applicable credit time); *Morgan v. State*, 2015 WL 4066768 (Del. July 1, 2015) (DOC determines amount of credit time).
[67] *Id.*

15

Court could have sentenced Defendant to unsuspended time beyond the recommendation, which would have vitiated Defendant's claim for the allegedly proffered time he ultimately expected to serve.[68]  Hence, Defendant has not shown that he suffered actual prejudice due to Trial Counsel's guidance.  Defendant decided to base his entry of a guilty plea on Trial Counsel's estimation of the likely length of his sentence if he entered that plea.  Her prediction did not come to fruition, but she did not misstate a matter of law to Defendant.[69]  Hence, Defendant's ineffective assistance claim fails.

## B. Violation of Due Process Rights

Next, Defendant argues that this Court violated his due process right to raise an ineffective assistance of counsel claim when it stayed consideration of the Prior Consolidated Motion pending the Delaware Supreme Court's resolution of his appeal.[70]  The State argues that Defendant has no cognizable claim because, pursuant

---

[68] Super. Ct. Crim. R. 11(e)(1)(B) (State's sentence recommendation is not binding); *see, e.g.*, *Fisher v. State*, 2003 WL 423449, at *1 (Del. Feb. 19, 2003) ("The plea agreement did not promise a particular sentence, and the Superior Court was not bound by the parties' recommendation of immediate sentencing to a one-year probationary sentence.").

[69] The amount of credit time that she described to Defendant did end up being applied to one of his sentences, just in a different case.  *See supra* note 60 and accompanying text.

[70] D.I. 100.  However, in his supplementary brief to the Consolidated Motion, Defendant states that "[t]he delay from February to July is justifiable as the court was allowed to stay the proceedings pending the outcome of an appeal."  There, Defendant asserts that his due process violation claim relates a period of at least nineteen months beginning in February 2022.  Defendant believes that, during this period, the Court's consideration of his *pro se* motions was unreasonably delayed.  D.I. 114.

to Rule 61, the Court had discretion to stay proceedings pending resolution of the appeal.[71]

Procedurally, this claim is not barred for procedural default or former adjudication. Defendant need not have raised this due process claim before his judgment of conviction became final, and the Court has not already issued a decision on the claim.[72]

Substantively, Defendant's claim fails. Pursuant to Rule 61(d)(3), the Court has discretion to stay consideration of a postconviction motion "[i]f any part of the record of prior proceedings in the case has been removed in connection with an appeal or federal habeas corpus proceeding."[73]

When the Court stayed consideration of Defendant's motions for sentence modification, ineffective assistance, postconviction relief, and credit time, the record in the case had been removed in connection with Defendant's appeal to the Delaware Supreme Court. The Court stayed consideration of the motions because most, if not all, of the issues raised therein were "subsumed in Defendant's appeal."[74] The Court properly exercised its discretion to issue the stay pursuant to Rule 61(d)(3).

---

[71] D.I. 113.

[72] Even if Defendant had been required to assert this claim prior to the finality of his judgment of conviction, the constitutional gravity of the claim is just cause for relief from such procedural default pursuant to Rule 61(i)(3)(A).

[73] *See Martin v. State*, 2023 WL 6547926, at *11 (Del. Oct. 9, 2023) ("Rule 61 proceedings can become protracted even when resources limitations are not to blame; the Rule contains several due process components to ensure that the court has a complete record to decide postconviction claims . . . .").

[74] D.I. 96.

Defendant did not have a due process right to proceed with his postconviction motion while the record was removed to the Supreme Court. This is especially true where most of the issues raised in the motions were being addressed by the Supreme Court. Hence, Defendant's due process violation claim fails.

### C. Failure to Fulfill the Plea Agreement

Defendant states that, during plea negotiations, the State offered him nineteen months of credit time toward his sentence if he pled guilty. Defendant asserts that he accepted that offer but did not receive the credit time.[75] The State argues that Defendant's unfulfilled plea agreement claim is procedurally barred as formerly adjudicated, so the Court need not consider its substance. In the view of the State, the issue of whether Defendant is entitled to credit time has already been adjudicated.[76]

Procedurally, when the issues in a claim were fully addressed in the prior adjudication of a related claim, the Court may conclude that "the interests of justice would not be served by any further consideration" of those issues. In that circumstance, the claim is deemed procedurally barred as formerly adjudicated because "a defendant is not entitled to have a court re-examine an issue that has been

---

[75] D.I. 100.
[76] D.I. 113.

18

previously resolved." For this procedural bar to apply, the underlying issue of the current claim must have already been decided.[77]

In Defendant's appeal to the Delaware Supreme Court, he argued that this Court had erred in modifying the credit time applied to his sentence from 576 credit days, or approximately nineteen months, to thirteen credit days. The Supreme Court affirmed the judgment of this Court, finding that "the Superior Court's docket in this case unambiguously shows that Medley was entitled to only 13 days of credit time on this case, from March 1, 2019, to March 13, 2019. Any days served above 13 days are not attributable to this case."[78]

Undeterred, Defendant moved for reargument of the Supreme Court's decision, asserting that Trial Counsel had assured Defendant that he was entitled to nineteen months of credit time, which he did not receive.[79] On August 26, 2022, the Supreme Court denied Defendant's motion for reargument as meritless.[80]

This Court and the Delaware Supreme Court have previously considered and rejected Defendant's credit time claim. Though Defendant describes his current claim as an "unfulfilled plea agreement" claim, the underlying issue of the claim is identical to the credit time issue raised in Defendant's earlier filings in this Court

---

[77] *State v. White*, 278 A.3d 680, 686-87 (Del. Super. 2022). The mere fact that the current and prior claim resemble one another is insufficient for the current claim to be deemed "formerly adjudicated" for Rule 61(i)(4) purposes. *Id.*

[78] *Medley v. State*, No. 315, 2021 (Del. July 12, 2022).

[79] Mot. for Reargument, *Medley v. State*, No. 315, 2021 (Del. July 19, 2022).

[80] *Medley v. State*, No. 315, 2021 (Del. Aug. 26, 2022).

and the Supreme Court.  Hence, Defendant's "unfulfilled plea agreement" claim, to the extent it is distinct from the other claims in the Consolidated Motion, is procedurally barred as formerly adjudicated.  The Court need not reconsider the substantive merits of the claim.[81]

### D.  Failure to Suppress Evidence

Finally, Defendant argues that this Court erred when it allowed the State to offer evidence that he alleges was stale.  Further, Defendant asserts that the affidavit behind a search warrant in the case lacked a basis of probable cause.[82]  In response, the State argues that Defendant's failure to suppress claim is procedurally barred for procedural default.  The State asserts that Defendant needed to raise the claim on direct appeal but failed to do so.[83]

Procedurally, pursuant to Rule 61(i)(3), a ground for relief that the postconviction movant failed to assert in the proceedings that led to the judgment of conviction is subsequently barred, unless the movant shows cause for relief from this default or prejudice that arose from a violation of his rights.  The Delaware Superior Court's discretionary decision to grant or deny a motion to suppress is not disturbed

---

[81] If the Court did consider the substance, the claim lacks merit.  The DOC is the custodian of credit time, and the Court was not bound by the State's sentence recommendation.  *See* Super. Ct. Crim. R. 11(e)(1)(B).
[82] D.I. 100.
[83] D.I. 113.

unless the reviewing court, the Delaware Supreme Court, finds an abuse of discretion.[84]

This Court denied Defendant's motion to suppress on June 14, 2021, before Defendant's final judgment of conviction. Defendant did not appeal the Court's decision to the Delaware Supreme Court. And Defendant has not shown cause for relief from this procedural default or some other prejudice that arose from an alleged violation of his rights. Hence, Defendant's suppression claim is barred for procedural default.

## CONCLUSION

For the foregoing reasons, Defendant's Consolidated Motion is hereby **DENIED.**

**IT IS SO ORDERED,** this 28th day of March, 2024.

_____
Sheldon K. Rennie, Judge

---

[84] *DiSabatino v. State*, 808 A.2d 1216, 1221-22 (Del. Super. Feb. 27, 2002).